J. W. THOMAS v. THE KANSAS CITY ELEVATED
RAILWAY COMPANY.

No. 15,093.   (90 Pac. 816.)

### SYLLABUS BY THE COURT.

PRACTICE, DISTRICT COURT—*Demurrer to Evidence Improperly Sustained on a Motion for a New Trial.* Where a demurrer to the evidence of the plaintiff has been overruled, and the trial proceeds to a verdict and judgment in favor of the plaintiff, the court may not, upon a motion of the defendant for a new trial, set aside the verdict and judgment, and then sustain the demurrer to the evidence upon the ground that it is insufficient and enter judgment against the plaintiff for costs, unless it appears that the deficiency in the evidence cannot be supplied by the plaintiff and that upon another trial he would be unable to make a *prima facie* case.

Error from Wyandotte court of common pleas; WILLIAM G. HOLT, judge. Opinion filed June 8, 1907. Reversed.

### STATEMENT.

ON March 25, 1905, J. W. Thomas commenced an action in the court of common pleas of Wyandotte county against the Kansas City Elevated Railway

Company to recover damages sustained by him on account of injuries received while a passenger on such railway. On the trial, after the evidence for the plaintiff was introduced, the defendant demurred thereto, and the demurrer was overruled. The defendant then introduced its evidence, and the case was submitted to the jury. A verdict was returned by them in favor of the plaintiff and a judgment was entered thereon. A motion for a new trial was filed by the defendant, the hearing of which was postponed until the next term of the court, which was in May, 1906. At that term the motion was presented and decided. It contained the following grounds:

"(1) Irregularity in the proceedings of the court, jury and prevailing party, by which the defendant was prevented from having a fair trial.

"(2) Misconduct of the jury and prevailing party.

"(3) Accident and surprise which ordinary prudence could not have guarded against.

"(4) Excessive damages appearing to have been given under the influence of passion and prejudice.

"(5) Error in the assessment of the amount of recovery being too large.

"(6) The verdict is not sustained by sufficient evidence and is contrary to law.

"(7) Newly discovered evidence material to said defendant which could not, with reasonable diligence, have been discovered and produced at the trial.

"(8) Error of law occurring at the trial and excepted to at the time by said defendant Kansas City Elevated Railway Company."

The court in its journal entry entered findings which read:

"That the verdict heretofore rendered in this action is not sustained by the evidence, and that the judgment rendered upon said verdict is contrary to law, and that said verdict and judgment are hereby expressly disapproved by the court.

"And the court further finds that the defendant is entitled to a new trial."

The court's judgment in part reads:

"It is therefore considered, ordered and adjudged

by the court that the verdict and judgment heretofore rendered in this action are hereby set aside, to which decision and judgment of the court the plaintiff duly excepts; and the court being fully satisfied that the evidence introduced by the plaintiff did not establish a cause of action in favor of the plaintiff and against the defendant, the Kansas City Elevated Railway Company, and that the demurrer to the plaintiff's evidence filed by the defendant at the close of the plaintiff's evidence should have been sustained, and the court being fully satisfied that the evidence introduced by the defendant in no wise supplied the deficiency in the evidence introduced by the plaintiff in support of his cause of action, and that the said demurrer should now be sustained instead of a new trial being granted, it is therefore by the court considered, ordered and adjudged that the defendant's said demurrer to the plaintiff's evidence be and the same is hereby sustained, and that the plaintiff take nothing by this action; and he is hereby adjudged to pay the costs of this action accrued at the time of the filing of said demurrer, taxed at $78.45."

Plaintiff moved the court to set aside the judgment against him, which was denied. He brings the case here for review.

*Angevine & Cubbison, Joseph Taggart,* and *J. E. Cobbey,* for plaintiff in error.

*O. L. Miller,* and *S. J. Maher,* for defendant in error; *Miller, Buchan & Miller,* of counsel.

The opinion of the court was delivered by

GRAVES, J.: The only question presented here is whether the court, when ruling upon a motion for a new trial, can, instead of granting or refusing the request presented by the motion, set aside the judgment already entered and render one against the other party. Whatever may be the rule in exceptional cases, we think the action of the court in this case was erroneous.

Where parties are present in court and have a full opportunity to be heard and a judgment is entered at

the conclusion of the trial, their inherent rights, so far as a trial is concerned, are exhausted. Neither party can demand as of right a further hearing, except as such right is saved to him by the statute. (*Nesbit v. Hines,* 17 Kan. 316; *Coal Co. v. Barber,* 47 Kan. 29, 27 Pac. 114.) The law requires the party who desires a new trial to ask for it within the time and for the reasons prescribed. A failure to comply with the statutory requirements waives the right. When the motion is properly filed and presented, the only question before the court is, Shall a new trial be granted? If one or more of the reasons stated in the motion be found to exist, the motion should be allowed and a new trial granted; otherwise it should be denied, and the judgment thereby becomes final in that court.

In this case the court found that it erred in refusing to sustain the defendant's demurrer to the plaintiff's evidence, but this merely amounts to an error occurring at the trial and furnishes good cause for granting a new trial. The court decided that the defendant was entitled to a new trial, but, instead of granting it, entered judgment against the plaintiff for costs. This was erroneous. The plaintiff is in a worse situation now than if the demurrer had been sustained at the time it was first presented. Then he might have saved himself from defeat by obtaining permission to reopen the case and supply the required testimony; now he cannot by any means regain this opportunity. If by some oversight or mistake liable to overtake any practitioner the plaintiff omitted an item of important testimony, which could be easily supplied, his loss is serious and irreparable. In what particular the evidence in this case failed to meet the legal requirement the record does not disclose. The court does not state wherein it held the plaintiff's evidence deficient, and we are unable to say what the situation was when the demurrer was overruled. We think, however, that as a general rule a court upon the presentation of a motion for a new trial can do no more than grant or deny

the motion.   When, however, it appears that the deficiency in the evidence is of such a nature that it cannot be supplied by the plaintiff, and that upon a new trial it will be impossible for him to make a *prima facie* case, then he would lose nothing by the order, and the court would be justified in making it.   The record, however, does not show this to be such a case.   In this case we think the court should have granted a new trial only, and it was error summarily to enter judgment against the plaintiff.

The judgment is therefore reversed, with direction to grant a new trial and proceed with the case in accordance with the views herein expressed.