No. 19,790.

CARL E. RORSCHACH, *Appellee,* v. C. A. DIVEN, *Appellant.*

SYLLABUS BY THE COURT.

MALICIOUS PROSECUTION—*Trial—No Error in Record.* Instructions to the jury considered and held not to be prejudicially defective. The evidence considered and held to sustain the verdict.

Appeal from Franklin district court; CHARLES A. SMART, judge. Opinion filed January 8, 1916. Affirmed.

*Ralph E. Page,* and *Curtis M. Oakes,* both of Ottawa, for the appellant.

*Wilbur S. Jenks,* of Ottawa, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one for damages for malicious prosecution. The plaintiff recovered and the defendant appeals.

The defendant contends that probable cause for the prosecution was established by the evidence. No special findings of fact were requested. The only index to the jury's view of the facts is the general verdict. This verdict brings to the plaintiff's aid every fact and every inference of fact favorable to him which the testimony sustains. The defendant's narrative of the things relied on as constituting probable cause was not conceded to be true. On the other hand, the plaintiff's account of what happened leading up to the prosecution was quite incompatible with that of the defendant, and the explanation of the verdict is that the jury believed the plaintiff.

It is said that the defense of advice of the county attorney was established. Here again it is to be assumed that the jury disbelieved the story which the defendant told the county attorney. The advice of the county attorney on a state of facts intentionally magnified or fabricated would not be a defense. Besides this, accepting the story which the defendant told the county attorney, he omitted to inform the county attorney of a number of material facts which if mentioned would have changed the course of subsequent events.

There was abundant evidence to sustain the finding of malice included in the general verdict.

The instructions to the jury contained the following:

"I pass now to the defense in this case. There are several items set up by way of defense. The defendant Diven claims, first, that there was probable cause and has given you his version of the facts. I have undertaken to group these facts as given by the plaintiff when instructing you touching probable cause, and I think I can say no more."

Through a typographical error the word "plaintiff" was inserted in the instruction instead of the word "defendant." This is perfectly manifest and was perfectly manifest to the jury because the court had not grouped the facts given by the plaintiff when instructing on the subject of probable cause but had grouped the facts given by the defendant. Another criticism of the court's instructions is unwarranted because a single expression is seized upon, dissociated from the context, which made the subject under discussion plain.

The instructions of the court were full, clear, correct, and phrased in a way to enable the jury to apply them to the evidence. The evidence was abundant to support the verdict and the judgment is affirmed.