### No. 36,173

Art D. Ray, *Appellant, v.* W. H. Allen and W. H. Allen Company and Wayne Harkrader, *Appellees.*

(152 P. 2d 851)

Opinion filed November 4, 1944.

*Howard S. Keagy,* of Wichita, argued the cause for the appellant.

*J. B. Patterson,* of Wichita, argued the cause, and *A. W. Hershberger, Enos E. Hook, R. E. Kirkpatrick* and *Richard Jones,* all of Wichita, were on the briefs for the appellees.

The opinion of the court was delivered by

THIELE, J.: This was an action for damages sustained in a collision of automobiles.

Briefly stated, plaintiff's petition alleged he was driving his car carefully south along a street in Wichita and had entered an intersection of streets when defendants' agent negligently drove a truck eastwardly at a high rate of speed and struck the right side of plaintiff's car, damaging plaintiff's car and injuring him. Defendants' answer alleged that plaintiff's injuries were occasioned by his own negligence in not keeping a proper lookout for other cars, in driving at a reckless speed and in not yielding the right of way to a car entering the intersection at the same time. At the trial defendants demurred to plaintiff's evidence. The trial court reserved its ruling on the demurrer, and the cause proceeded. The jury returned a verdict in favor of plaintiff, and in due time defendants filed a motion for a new trial and for judgment notwithstanding the verdict. The first ground of the motion for a new trial was the failure of the trial court to sustain defendants' demurrer to plaintiff's evidence. At the hearing on these motions the trial court found that the demurrer should have been sustained, that the verdict should be set aside and that judgment should be entered for the defendants, and judgment was rendered accordingly. Plaintiff perfected his appeal to this court.

In this court, appellant makes two contentions, one that there was conflict in the evidence and it was for the jury and not the court to decide the issues of negligence and contributory negligence, if any, and in any event the trial court, if dissatisfied with the verdict, should have granted a new trial.

No purpose will be served by reviewing the evidence in detail. Plaintiff was the only witness on his own behalf as to how the collision occurred. He testified he was driving south on the street and as he approached the intersection where the collision occurred he slowed down to twelve or fifteen miles per hour and looked both ways and saw defendants' truck coming from the west about 150 feet away. He stated he could have stopped his automobile at that

time in five feet. He continued on and the truck struck his right side. He further testified when he first saw the defendants' truck he didn't judge its speed nor make any effort to do so, and he had no idea of its speed until immediately prior to the collision; that "I could have stopped but why should I stop when the right of way was mine"; that if he had observed the speed of the truck he could have stopped before he entered the intersection. He testified that the truck was traveling about forty-five miles an hour when it struck him.

There are at least two reasons the trial court was correct in finding that the demurrer to this evidence should have been sustained. First, it appears that plaintiff's conduct fell below the standard to which he should have conformed for his own protection in that he did not keep a proper lookout and govern his actions by what he must have seen, but proceeded without regard for his own safety; that the facts were not such that men of reasonable minds might draw different conclusions, and a case was presented where defendants could take advantage by demurrer. See *Cruse v. Dole*, 155 Kan. 292, 124 P. 2d 470; *Orr v. Hensy*, 158 Kan. 303, 147 P. 2d 749. Second, even if there were some parts of plaintiff's testimony which tended to raise an issue concerning his contributory negligence, it would not avail here where he had positively testified as above set forth. In *Bell v. Johnson*, 142 Kan. 360, 363, 46 P. 2d 886, it was said:

"Appellee urges further that as against a demurrer, every inference is to be resolved favorably to the plaintiff; that his honesty and good faith are presumed, and that if there are any contradictions even in his own testimony the demurrer should have been overruled. It may be conceded that as an abstract proposition the latter contention is correct. The rule is that in considering a demurrer to evidence, the court should consider only facts and inferences favorable to plaintiff (*James v. Grigsby*, 114 Kan. 627, 220 Pac. 267) and that the court must consider as true all portions of the testimony which tend to prove the allegations of plaintiff's petition, giving plaintiff the benefit of all inferences (*Windus v. Bodecker*, 132 Kan. 857, 858, 297 Pac. 702) and that in ruling on a demurrer the court has no authority to weigh evidence (*Coy v. Cutting*, 138 Kan. 109, 113, 23 P. 2d 458). On the other hand, where the plaintiff personally testifies to a state of facts which clearly precludes his recovery, the effect cannot be avoided." (p. 363.)

and it was held:

"Where the plaintiff, who is the only witness in his behalf, testifies to a state of facts which precludes his recovery, the effect cannot be avoided, and he is bound thereby." (Syl. ¶ 2.)

The rule of law there laid down is applicable here. The trial court rightly ruled that the demurrer to plaintiff's evidence should have been sustained when it was made.

Appellant further contends the record discloses the trial court was dissatisfied with the verdict and set it aside, and under such circumstances it should have granted him a new trial, and that it erred in rendering judgment, the inference being the trial court weighed all of the evidence and set aside the verdict because it was dissatisfied. The premise for the argument is not accurate. In the course of argument as to whether the court should have sustained the demurrer when made, and during a colloquy between court and counsel, the court remarked, "I thought we would get away from this argument because I really thought the jury would bring in a verdict against him, but it didn't." . The remark was only an explanation of the court's reservation of a ruling on the demurrer, and not an expression of dissatisfaction with the verdict. Whatever the verdict, it had nothing to do with whether plaintiff's evidence was legally sufficient. The only case cited by appellant necessary to be noted is *Thomas v. Railway Co.*, 76 Kan. 141, 90 Pac. 816, where it was held:

"Where a demurrer to the evidence of the plaintiff has been overruled, and the trial proceeds to a verdict and judgment in favor of the plaintiff, the court may not, upon a motion of the defendant for a new trial, set aside the verdict and judgment, and then sustain the demurrer to the evidence upon the ground that it is insufficient and enter judgment against the plaintiff for costs, unless it appears that the deficiency in the evidence cannot be supplied by the plaintiff and that upon another trial he would be unable to make a *prima facie* case." (Syl.)

Upon the rule of that case, and its applicability may be doubted in view of changes in the code of civil procedure made in 1909, appellant was not entitled to a new trial. Had the demurrer been sustained when it was made, plaintiff might conceivably have introduced further evidence, but whatever it might have been, it could not have raised an issue as against his own testimony and admissions that he was guilty of negligence contributing to his injuries and which barred his recovery.

The judgment of the trial court is affirmed.