No. 36,577

WILLIAM J. DESELMS, *Appellant,* v. J. A. COMBS, *Appellee.*

(174 P. 2d 107)

Opinion filed November 9, 1946.

*Robert R. Hasty,* of Wichita, argued the cause and was on the briefs for the appellant.

*I. H. Stearns* and *E. P. Villepigue,* both of Wichita, were on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: This is an action for damages alleged to have been incurred when a truck driven by defendant's agent collided with an automobile being driven by plaintiff at a street intersection. Judgment was for defendant, sustaining his demurrer to plaintiff's evidence on the ground that it showed plaintiff to be guilty of contributory negligence as a matter of law. Plaintiff has appealed.

Plaintiff was the only witness as to the facts and circumstances surrounding the collision. He was driving south on Emporia street on December 4, 1944, at 1 o'clock in the afternoon. He was traveling about nine or ten miles per hour. Defendant's truck was traveling east on Third street in the center of the street moving between twenty-five and forty miles an hour. The two vehicles collided at the intersection. The front fender of defendant's truck hit plaintiff's car in the middle of the right side. The above is substantially all the testimony of plaintiff on direct examination. On cross-examination he testified that he looked west as he approached Third street and that he did not enter the intersection until he had looked west; that when he first saw defendant's truck approaching he was twenty-five feet from the intersection and defendant's truck was about in the middle of the block going about twenty-five miles per hour; that he kept watching defendant's truck and it never did slacken its speed

and when plaintiff saw that the truck was going to hit him, he, that is, the plaintiff, slackened his speed. While no witness testified to it we should note here that all parties agree that the city blocks in Wichita are 300 feet long, so the testimony that the truck was in the middle of the block when plaintiff first saw it would put it about 150 feet from the intersection. On further cross-examination plaintiff testified that he did not stop his car because he hardly knew what to do but that he slowed up and tried to avoid the collision. He then testified in answer to a question by counsel for defendant that if he had speeded up he would have missed the truck but that he figured the driver of the truck would slow up so he could get across. He further testified, as follows:

"Q. If you had figured you had plenty of time to get across why did you slow up? A. I seen there was an accident going to happen and I didn't know what to do, as far as that is concerned. When I looked and seen he wasn't slackening speed was when I first saw an accident was going to happen. I was then in the center of the intersection. That is where he hit me. That is the first time I knew an accident was going to happen, but prior to that I slowed up, I always do that at an intersection.

"Q. You didn't slow up when you crossed there because you thought he was coming too fast? A. He was coming fast, yes, sir, that is right. It was an enclosed mail truck with a cab on the front, too.

"Q. But you could have stopped there and let him go on through. A. If I had stopped I wouldn't have been hit.

"Q. But you thought you could beat him across? A. I didn't try to beat him across.

"Q. But you said a minute ago you thought you could beat him across? A. I figured I had the right of way and time enough to go on across."

On redirect examination he testified that his car entered the intersection first and the truck was about two lengths of a car back; that the driver of the truck tended to confuse him and he had only about one second to act. On recross-examination he testified that he could have jammed on his brakes just before he entered the intersection and avoided the collision. On redirect examination plaintiff testified that if the driver of the truck had slowed up plaintiff would not have been hit; that when the driver of the truck saw he was going to hit plaintiff he turned a little to the right or south.

To this undisputed evidence the court sustained a demurrer on the ground that it showed plaintiff to be guilty of contributory negligence as a matter of law.

At the outset it should be stated that in consideration of a de-

murrer to the plaintiff's evidence we not only take the evidence of plaintiff as true but also draw all inferences and conclusions from the surrounding facts and circumstances favorable to the plaintiff. (See *James v. Grigsby,* 114 Kan. 627, 220 Pac. 267.) Where a reasonable conclusion from the established facts and circumstances may be drawn favorable to plaintiff's case, the demurrer should be overruled notwithstanding that a reasonable conclusion might be drawn in favor of the defendant. Where reasonable minds might differ as to the conclusion or inference to be drawn from the surrounding facts and circumstances, the conclusion or inference favorable to plaintiff should be drawn on consideration of a demurrer to the evidence. In order for the evidence of plaintiff to be demurrable the only reasonable conclusion to be drawn from it must be in favor of the defendant. (See *Towell v. Staley,* 161 Kan. 127, 166 P. 2d 577.)

Defendant concedes this to be the rule but argues that the testimony of plaintiff brought the case within the rule laid down by us in *Ray v. Allen,* 159 Kan. 167, 152 P. 2d 851. That was a case of a collision of two cars at an intersection. The trial court sustained defendants' demurrer to plaintiff's evidence and the plaintiff appealed. We summed up the plaintiff's evidence, as follows:

"He testified he was driving south on the street and as he approached the intersection where the collision occurred he slowed down to twelve or fifteen miles per hour and looked both ways and saw defendants' truck coming from the west about 150 feet away. He stated he could have stopped his automobile at that time in five feet. He continued on and the truck struck his right side. He further testified when he first saw the defendants' truck he didn't judge its speed nor make any effort to do so, and he had no idea of its speed until immediately prior to the collision; that 'I could have stopped but why should I stop when the right of way was mine'; that if he had observed the speed of the truck he could have stopped before he entered the intersection. He testified that the truck was traveling about forty-five miles an hour when it struck him." (p. 168.)

We examined that evidence and held that the facts were not such that the minds of reasonable men might differ as to whether plaintiff was guilty of contributory negligence and that the demurrer was properly sustained.

Defendant argues that in the case at bar as in *Ray v. Allen,* supra, the plaintiff failed to keep a proper lookout and to govern his action by what he must have seen but when he reached the edge of the intersection proceeded across without regard for his own safety.

We have concluded that this record is distinguishable from that one. In the first place, the plaintiff in that case testified, "I could have stopped but why should I stop when the right of way was mine." In this case the plaintiff testified, "I seen there was an accident going to happen and I didn't know what to do." In another place he testified that he did not try to beat defendant across the intersection but that he figured he had the right of way and time to go across. The reasonable conclusion to be drawn from the foregoing is that as plaintiff reached the intersection he, in the exercise of his best judgment, reached instantly, thought he could safely cross. He was confronted with the oncoming truck, he could have jammed on his brakes and stopped or he could have speeded up. As events worked out, either one of these courses, but for one circumstance which will be mentioned presently, would have prevented the collision. In the exercise of his judgment, however, plaintiff saw fit to slow up and proceed on across. The fact remains that his course was taken in the exercise of his judgment, however quickly reached. Under such circumstances, he cannot be held guilty of contributory negligence because he chose a course of action of several alternative courses that he thought would avoid the collision. See *Ryan v. Atchison, T. & S. F. Rly. Co.*, 131 Kan. 706, 293 Pac. 763, also, *Clark v. Atchison, T. & S. F. Rly. Co.*, 127 Kan. 1, 272 Pac. 128. In the latter opinion it was said:

"If the engineer had applied the brakes before sounding the warning and a collision had occurred, the defendant might have plausibly contended that if the warning signal had been first given he could have turned aside and have saved himself and his property. There was only a moment for the engineer to consider which was the more prudent course for him to pursue, or, for that matter, for the plaintiff to consider and decide whether to stop, turn aside or drive on. It is well established that a person suddenly confronted with impending danger, without time for deliberation as to which one of two or more acts will be wisest and best, who acts in good faith and takes an action that turns out not to have been the most judicious, cannot be charged with negligence. (*Barnhart v. Glycerin Co.*, 113 Kan. 136, 213 Pac. 663.)

"In the circumstances of the case it cannot well be said that the engineer chose the wrong means to avoid the collision, and at any rate negligence in this emergency cannot be predicated upon the one chosen by the engineer." (p. 4.)

*Eaton v. Salyer*, 135 Kan. 411, 10 P. 2d 873, was a case where a pedestrian was injured at an intersection by a negligently operated truck. The defense was contributory negligence. We said:

"In such an emergency while it was the duty of Eaton to exercise diligence to avoid injury, consideration must be given to the sudden danger that arose, and even if Eaton did not choose the wisest and best course in the emergency he is not to blame if there was not time and opportunity for deliberation and the exercise of the best judgment . . .

"Under the facts in the case it cannot be held that Eaton was guilty of contributory negligence as a matter of law. It is clearly a case for the determination of a jury, and the jury after considering the testimony of the witnesses and the reasonable inferences arising therefrom, have specifically found that Eaton was not guilty of contributory negligence." (p. 413.)

The plaintiff testified consistently throughout his testimony that he took the course of action he did take as a result of an exercise of his judgment, rather quickly reached, it is true. Under such circumstances we cannot say as a matter of law that reasonable minds would not differ as to whether he was confronted with a sudden unexpected danger and took the course of action he did take in the exercise of his judgment in good faith. Under such circumstances he was not guilty of contributory negligence as a matter of law.

Plaintiff testified that he was driving south as he approached the intersection, his lane of traffic was on the west side of the street, the defendant's truck was being driven east, its lane of traffic was on the south side of the street. The collision occurred as plaintiff was in the center of the intersection. Defendant's truck hit plaintiff's car about in the middle of the right side. Plaintiff testified that when the driver of defendant's truck saw he was going to hit plaintiff, he, that is, the driver of the truck, turned to the right or south. Just what the effect of this turn was is a matter that should be argued to the jury. It cannot be said, however, that it had nothing to do with causing the collision or that plaintiff was obliged to expect such a turn as a matter of law.

The defendant's demurrer to plaintiff's evidence should not have been sustained.

The judgment of the trial court is reversed with directions to grant plaintiff a new trial in accordance with the views expressed herein.

THIELE, J. (dissenting): In my opinion the ruling of the trial court on the demurrer was correct and should be affirmed. The plaintiff was the only witness in his own behalf as to the manner in which the accident occurred. In his direct examination he stated he was driving south on Emporia street at ten miles an hour and

defendant was driving east on Third street between twenty-five and forty miles per hour, and that the cars collided in the intersection of the two streets. Without more detail I concede the evidence up to this point may have shown defendant's negligence, but it is also clear it showed nothing as to plaintiff's negligence. On cross-examination, plaintiff testified clearly that he saw the defendant approaching and that defendant did not slacken his speed, but plaintiff slackened his speed because he saw that he was going to be hit, and further that the reason he didn't stop was because he figured he had plenty of time to get across, and later, "I figured I had the right of way and time enough to go on across." On further direct examination he stated that when he entered the intersection defendant was two car lengths from the intersection. Plaintiff later testified on redirect examination that he was confused by the action of defendant, but on recross-examination it was made clear that his confusion was about the time of the collision, and not as he approached and entered the intersection.

It requires no weighing of the testimony to show that plaintiff, by his own admissions, saw the defendant coming at an undiminished rate of speed, but that, relying on his conclusion that he had the right of way and time to get across, proceeded, at a time when he saw the situation, from a place of safety to a place of danger, with the result that a collision occurred.

As I review the record it clearly discloses a situation where the rule stated in *Ray v. Allen,* 159 Kan. 167, 152 P. 2d 851, that—

"Following *Bell v. Johnson,* 142 Kan. 360, 46 P. 2d 886, it is held: where the plaintiff, who is the only witness in his own behalf, testifies to a state of facts which precludes his recovery the effect cannot be avoided, and he is bound thereby." (Syl. ¶ 2.)

should be applied. The trial court did apply it, and I think correctly.

WEDELL, J., concurs in the foregoing dissenting opinion.