No. 39,086

AUSE STROUD, *Appellee* and *Cross-appellant* v. LESLIE McCUSKER and ALBERT CARRIGER, *Appellants* and *Cross-appellees*.

(263 P. 2d 260)

Opinion filed November 7, 1953.

*Wm. P. Thompson,* of Wichita, argued the cause, and *Harrison Smith,* of Garden City, and *A. W. Hershberger, J. B. Patterson, Richard Jones, H. E. Jones,* and *Jerome E. Jones,* of Wichita, were with him on the briefs for the appellants and cross-appellees.

*Paul R. Kitch,* of Wichita, argued the cause, and *A. E. Kramer* and *Bernard E. Nordling,* of Hugoton, and *Howard T. Fleeson, Homer V. Gooing, Wayne Coulson, Dale M. Stucky, Donald R. Newkirk, Gerrit H. Wormhoudt,* and *Theodore C. Geisert,* of Wichita, were with him on the briefs for the appellee and cross-appellants.

The opinion of the court was delivered by

THIELE, J.: The present appeal and cross-appeal arise from rulings sustaining demurrers to evidence. Plaintiff filed his petition alleging that about 8:50 a. m. on November 14, 1951, he was driving his Ford truck north on a designated highway and had entered the intersection with an east and west highway when defendant McCusker, driving his Chevrolet truck in a westward direction, negligently and carelessly drove his Chevrolet into plaintiff's Ford, causing plaintiff injuries which need not be detailed.

In substance, plaintiff charged McCusker with failure to keep a proper lookout for other persons lawfully using the highway, failing to yield the right of way, driving with defective brakes, driving at excessive speed, and failing to stop, turn his truck aside or otherwise avoid the collision. Defendant McCusker was charged with being the agent, servant and employee of defendant Carriger and acting in the course of his employment.

Defendant McCusker answered admitting that a collision occurred and denying generally. He alleged that if plaintiff sustained damage as set out in his petition, such damage was the result of plaintiff's

acts, who was charged with substantially the same acts of negligence as had been charged by plaintiff against McCusker. He also filed a cross-petition against plaintiff, charging him with the same acts of negligence, and sought recovery for his damages which need not be noted.

Defendant Carriger as owner of the Chevrolet filed an answer and cross-petition substantially like those of his co-defendant.

Plaintiff filed replies to the two answers, and answered the two cross-petitions alleging that if he were guilty of any negligence, which he denied, the defendants' damages resulted from their own negligence, the acts charged being in substance those set out in the plaintiff's petition.

An extended statement of the evidence is unnecessary. Verl R. Webb, called as a witness by the plaintiff, testified he was driving a self-propelled combine north on the designated highway, when plaintiff's truck came up behind him about a quarter of a mile south of the intersection. The truck passed him. Shortly thereafter he noticed the approach of the Chevrolet truck traveling west at a speed of approximately fifty miles per hour and that speed was not reduced prior to the impact of the trucks in the intersection. He couldn't tell the speed of the Ford truck as it was going directly away from him. There was nothing on the field or to the south or to the east of the intersection that would have prevented a driver coming from the east to have seen the northbound truck. "There wasn't anything there but telephone poles." He further testified that from the intersection south there was a slight rise in the highway for about one hundred yards, and on south the highway was level; and from the intersection east the highway was level for about one hundred yards and to the east a gradual rise to about one-half mile east of the corner. From his seat on the combine, he saw the accident. He arrived at the intersection and after an examination, determined that the two trucks came together about six inches west of the center of the midlines of the intersection. Plaintiff, testifying in his own behalf, said he passed the combine about a quarter of a mile south of the intersection and about that time looked to the east and the west and saw nothing approaching the intersection. At a point about eighty to one hundred feet south of the intersection he was driving his truck between twenty-five and thirty miles per hour and looked to the east and saw the Chevrolet truck coming toward him traveling about fifty miles per hour, and that the Chevrolet

was two or three times farther from the intersection than the plaintiff. He put on his brake and was going about five miles an hour at the time of the collision. As far as he could tell, the speed of the Chevrolet truck did not lessen. He testified he did not remember what happened after the impact.

The trial court admitted in evidence a photograph which showed the intersection and the highways leading up to it. This photograph disclosed that there were no obstructions of any kind that would prevent any traveler in any direction from seeing all the approaching highways and traffic for at least a quarter of a mile from the intersection.

The defendants demurred to the evidence for the asserted reason it did not constitute a cause of action. The trial court reserved its ruling.

The testimony of the defendants disclosed the following. Vance Raines testified that he was employed by defendant Carriger and was riding in the Chevrolet truck driven by defendant McCusker, while they were on their way to work. The Chevrolet truck was traveling along the east and west road between forty and fifty miles per hour and the speed did not change as they approached the intersection. Just about the time they reached the intersection he looked to the right and said nothing. He looked to the left and got a glance at the Ford truck which was off at a forty-five-degree angle but "I wouldn't say it was in the intersection at that time." He testified he remembered nothing else concerning the accident; that he had a faint impression of riding in an ambulance and woke up in the hospital. On cross examination he stated there was nothing about the Chevrolet truck that would have obscured the driver's vision; that he had good vision to the front and sides. Defendant McCusker testified he drove the Chevrolet truck and as to the course of their trip from Liberal west to the intersection, that he was driving about forty miles per hour. He remembered that he was watching the road "as good as I could," but that he remembered nothing else. He woke up in the hospital. On cross-examination he stated he did not remember ever seeing plaintiff's Ford truck.

At the conclusion of defendants' evidence, the plaintiff demurred for the asserted reasons such evidence failed to establish any cause of action against the plaintiff and further that it convicted the defendants of contributory negligence.

In the course of the argument on the demurrers, with the trial court's permission, the defendants asserted as a further ground that plaintiff's evidence disclosed that he was guilty of contributory negligence. The trial court sustained both demurrers. In due time the defendants perfected their appeal from the ruling on plaintiff's demurrer to their evidence, and the plaintiff perfected his appeal from the ruling on defendants' demurrer to his evidence. The specifications of error cover those rulings.

Briefs containing extensive reviews of the evidence relative to the claimed negligence of each driver both as a ground of recovery or as a ground of defense, have been filed and oral argument had. The court is not inclined to here review the facts disclosed by the evidence nor to comment at length on the contentions made and the authorities cited. Our review of the record leads to the following.

The plaintiff's own evidence discloses that as he approached the intersection where the collision occurred he did not look to the right or east from which direction the defendants' truck was approaching until he was so near the intersection he could not stop his truck in time to avoid the collision with the defendants' truck. His failure to look until he could not stop his truck before reaching the intersection made him guilty of negligence as a matter of law.

The defendants' evidence disclosed, as did that of Webb, a disinterested witness, that defendants' truck was driven with unabated speed up to the point of collision. Defendants make two contentions. One is that their truck was in the intersection first and that under G. S. 1949, 8-550 they had the right of way. Viewed in the light most favorable to them, the evidence does not disclose they were in the intersection first. Even if their contention as to the evidence be accepted, they were in the intersection only a fraction of a second before the plaintiff, and had the driver of defendants' truck looked, he would have seen he could not safely proceed. See *Orr v. Hensy,* infra. They also contend the evidence shows both the driver of and the passenger in the defendants' truck were rendered unconscious and suffered from retrograde amnesia, and that a jury should have been permitted to infer that from love of life, the instinct of self-preservation and the known disposition of men to avoid injury, the driver exercised ordinary care and diligence to avoid the collision. Such a rule has been stated. See *Dewald v. K. C. Ft. S. & G. Rld. Co.,* 44 Kan. 586, syl. 3, 24 Pac.

1101 and later cases noted in Shepard's Kansas Citations, including *Blakeman v. Lofland,* 173 Kan. 725, 252 P. 2d 852. The rule, however, states its own exception and that is that the inference is overthrown when there is direct proof to the contrary. We need not discuss any question as to whether the rule is to be broadly applied to any one injured and suffering loss of memory, or limited to one who dies as the result of injuries sustained. The evidence here discloses there was nothing along either highway that prevented the driver of defendants' truck from seeing the plaintiff's truck. If the driver looked, he must have seen. (*Orr v. Hensy,* 158 Kan. 303, 147 P. 2d 749.) Webb's testimony, supplemented by that of Stroud, was that defendants' truck went into the intersection at unabated speed. Under the circumstances any inference that the defendant driver did anything to avoid the injury cannot be indulged. In our opinion the evidence discloses as a matter of law that the driver of defendants' truck was guilty of negligence contributing to the collision.

In our opinion the rulings of the trial court on the demurrers were correct and are affirmed.