No. 43,646

ALLAN MIES, a Minor, by and Through His Father, Natural Guardian and Next Friend, L. N. MIES, *Appellant*, v. F. W. TWIETMEYER, *Appellee*.

(392 P. 2d 118)

Opinion filed May 9, 1864.

*Clarence N. Holeman*, of Wichita, argued the cause, and *Harold Irwin, S. J. Glaves* and *Orval L. Fisher*, of Wichita, were with him on the briefs for appellant.

*Robert L. Howard*, of Wichita, argued the cause, and *George B. Powers, Carl T. Smith, John F. Eberhardt, Stuart R. Carter, Robert C. Foulston, Malcolm Miller, Robert N. Partridge, Robert M. Siefkin, Richard C. Harris, Gerald Sawatzky, Donald L. Cordes, Charles J. Woodin* and *Mikel L. Stout*, all of Wichita, were with him on the briefs for appellee.

The opinion of the court was delivered by

FATZER, J.: This appeal involves an intersection collision occurring in the western part of Sedgwick County. The action was commenced by plaintiff to recover damages for personal injuries sustained as a result of the defendant's negligence. At the close of the plaintiff's evidence, the district court sustained the defendant's demurrer, and the plaintiff has appealed.

We shall not summarize the pleadings of the parties other than to say that the plaintiff alleged the defendant was traveling at a high rate of speed and drove into the intersection after he was in the intersection and ran into the right side of his truck, and was guilty of seven specific acts of negligence. The defendant's amended answer denied the allegations of plaintiff's petition, and alleged that the plaintiff was guilty of five specific acts of negligence which were the proximate cause of the collision.

The evidence showed that the intersection in question was an "open" intersection; that each township road had a roadbed 22 feet wide with two-foot shoulders on each side; that there was a fence row located on the northwest corner with an open field, and a

hedge which commenced approximately 200 feet from the corner; that the plaintiff and defendant were each driving a pick-up truck and there was nothing to obstruct vision at the intersection. The over-all length of plaintiff's truck was 17½ feet from the front bumper to the rear of the truck. There was no bumper on the back of the truck.

The plaintiff, a 19-year-old farm boy, was healthy and active prior to the time of the collision. He testified that he was driving his father's truck in a southerly direction on the north-south township road; that as he approached the intersection, he first looked to the west for approaching traffic when he was about 150 feet north of the corner; that he looked again both ways when he got into the intersection; that as the front end of his truck was leaving the intersection, the front end of the defendant's truck struck his right rear wheel causing the accident; that he was traveling approximately 45 miles an hour as he approached the intersection but that he slowed down as he approached the corner; that the defendant entered the intersection from the west but he did not see the defendant's truck until the instant before the accident; that he was in the intersection first, and there was nothing that would keep the defendant from seeing his truck leaving the intersection.

The defendant was called as a witness for the plaintiff and he testified that the right from end of his truck struck the bed portion of the plaintiff's truck somewhere between the cab and the right rear wheel. There was no evidence of where the defendant came from, or how fast he was traveling when he entered the intersection, or when he first saw the plaintiff's truck leaving the intersection.

In sustaining the defendant's demurrer, the district court concluded that since the evidence showed there were no obstructions of any kind to prevent the plaintiff from seeing the defendant's truck and since he testified that he looked twice and did not see the defendant until just prior to the collision, he was bound by what he could or should have seen and "that the plaintiff as a matter of law was guilty of contributory negligence."

We find no error in the ruling. While courts should be careful not to encroach upon the province of jurors when the facts, although undisputed, are such that minds of reasonable persons may draw differing inferences and arrive at opposing conclusions, the rule

should not be stretched so far as to relieve the courts from the solemn duty of deciding the issue in cases like this where such divergence cannot be found consistently with reason and justice. In such a situation the question is one of law only. (*Schmid v. Eslick,* 181 Kan. 997, 317 P. 2d 459; *Blackmore v. Auer,* 187 Kan. 434, 357 P. 2d 765.)

No extended discussion of the evidence is here necessary. In the proper performance of his duty in driving his truck down the highway, the plaintiff had a duty to look and observe whether there were other vehicles approaching the intersection. There was nothing to obstruct his view, and he testified that he looked twice— once before he reached the intersection and again just as he entered the intersection. This court has consistently held that where a litigant has a duty to look and testifies that he did look but did not see what was plainly to be seen, the ineffectual looking has no more legal significance than if he had not looked at all, and he will be conclusively presumed to have seen what he should and could have seen. (3 Berry, The Law of Automobiles [7th Ed.], p. 27; 2 Blashfield, Cyclopedia of Automobile Law and Practice [Perm. Ed.], p. 223; *Ray v. Allen,* 159 Kan. 167, 169, 152 P. 2d 851.) When the automobile was first coming into general use, this court, in the early case of *McDonald v. Yoder,* 80 Kan. 25, 101 Pac. 468, held:

"It is the duty of one in charge of an automobile, driving upon a public street or highway, to look ahead and see all persons and horses in his line of vision, and in case of accident he will be conclusively presumed to have seen what he should and could have seen in the proper performance of such duty." (Syl. ¶ 2.)

The case of *Stroud v. McCusker,* 175 Kan. 257, 263 P. 2d 260, is in point. There, both the plaintiff and defendant were driving trucks. The district court sustained a demurrer to the plaintiff's evidence and also a demurrer to the evidence of the defendant on his cross petition. As here, the intersection was open. It was held the plaintiff's evidence disclosed he was guilty of negligence as a matter of law, and it was said:

"The plaintiff's own evidence discloses that as he approached the intersection where the collision occurred he did not look to the right or east from which direction the defendants' truck was approaching until he was so near the intersection he could not stop his truck in time to avoid the collision with the defendants' truck. His failure to look until he could not stop his truck before reaching the intersection made him guilty of negligence as a matter of law.

"The defendants' evidence disclosed, as did that of Webb, a disinterested witness, that defendants' truck was driven with unabated speed up to the point of collision. Defendants make two contentions. One is that their truck was in the intersection first and that under G. S. 1949, 8-550 they had the right of way. Viewed in the light most favorable to them, the evidence does not disclose they were in the intersection first. Even if their contention as to the evidence be accepted, they were in the intersection only a fraction of a second before the plaintiff, and had the driver of defendants' truck looked, he would have seen he could not safely proceed. . . ." (l. c. 260.)

In *Blackmore v. Auer,* supra, it was said:

"The vigor of the rule heretofore stated in testing the sufficiency of the evidence on demurrer yields to the impact of admissions made by a party in his testimony while a witness in the case, and such admissions, frequently spoken of as informal admissions, are binding and conclusive upon him if uncontradicted or unexplained, whether such admissions are elicited on direct examination or on cross examination of the party. Direct application of the foregoing rule was made in *Bell v. Johnson,* 142 Kan. 360, 46 P. 2d 886. Syllabus ¶ 2 reads:

"'Where the plaintiff, who is the only witness in his behalf, testifies to a state of facts which precludes his recovery, the effect cannot be avoided, and he is bound thereby.'" (l. c. 441, 442.)

Under the circumstances, any inference that the plaintiff did anything to avoid the injury cannot be indulged. In our opinion the evidence disclosed as a matter of law that the plaintiff was guilty of negligence contributing to the collision, and the ruling of the district court on the demurrer was correct, and it is affirmed.

FATZER, J., dissenting: The legal question presented is well settled in our law and it need not be labored. The action was one at common law in which plaintiff sought damages alleged to have resulted from defendant's negligence, and the defendant has pleaded contributory negligence of the plaintiff. This is the kind of action in which each party is entitled to a trial to a jury as a matter of right. It should not be converted into a trial by the court. Negligence is the lack of due care. Contributory negligence is conduct on the part of the plaintiff which falls below the standard to which he should conform for his own protection and which is a legally contributing cause, cooperating with the negligence of the defendant, in bringing about the plaintiff's injury. The instances are relatively rare when the facts are such that the court should say as a matter of law, the negligence or contributory negligence alleged has been established. Before such a holding is made, the evidence should be

so clear that reasonable minds, considering it, could have but one opinion, that is, that the defendant was negligent, or that the plaintiff was contributorily negligent. (*Lawrence v. Kansas Power & Light Co.*, 167 Kan. 45, 204 P. 2d 752.)

I am not disposed to labor the numerous negligence cases cited by the parties nor repeat the well-established rule of law applicable to a defendant's demurrer to a plaintiff's evidence involving negligence, proximate cause, and rules of the road. The ultimate question which the court reviews is one of law and is whether the record convicts the plaintiff of contributory negligence as a matter of law barring his recovery. On that point it is sufficient to say that in my opinion, and under the circumstances which attend, the question was one of fact upon which the minds of reasonable men might differ and should have been submitted to a jury under proper instructions by the district court. Likewise, the question whether plaintiff's negligence, if any, was a proximate or contributing cause to his injury was also a question of fact to be submitted to a jury under proper instructions. (*Reichenberger v. Rosenhagen*, 187 Kan. 387, 357 P. 2d 776.)

In my opinion, the contributory negligence of plaintiff was clearly a question of fact for a jury. The plaintiff was not required to anticipate that, with his truck in the intersection, the defendant's truck would be driven into and against it with the defendant not watching enough to know that the plaintiff's truck was in the intersection and leaving it. Under the evidence presented, a jury might very well find the acts of the defendant to be the proximate cause of the injuries. The most that can be said for the defendant is that the question was one for a jury to determine. I would reverse the ruling on the demurrer.

WERTZ and ROBB, JJ., join in the foregoing dissent.