No. 44,541

Mardell Taylor and William R. Taylor, *Appellees,* v. Paul Maxwell and Jimmie Fuller, *Appellants.*

(419 P. 2d 822)

Opinion filed November 5, 1966.

*D. O. Concannon,* of Hugoton, argued the cause, and *Arthur B. McKinley,* of Hugoton, was with him on the brief for the appellants.

*Gene H. Sharp,* of Liberal, argued the cause, and *Charles Vance, H. Hobble, Jr.,* and *Chester A. Nordling,* all of Liberal, were with him on the brief for the appellees.

The opinion of the court was delivered by

Fromme, J.: This is an appeal from a judgment rendered in an action for damages arising out of a collision of two motor vehicles at a street intersection in Liberal, Kansas. The case was tried to a jury and the jury returned a substantial verdict for the plaintiffs.

The defendants set forth in their statement of points various trial errors upon which they predicate a claim of reversible error.

At the time of the collision the plaintiff, Mardell Taylor, was driving a pickup truck owned by her husband, William R. Taylor. Both husband and wife were plaintiffs in the court below. The defendant, Jimmie Fuller, was driving a station wagon owned by Paul Maxwell, and both the driver and owner were made defendants in the action. The defendant driver was alleged to be an employee of the owner and to be acting in that capacity at the time of the accident. In order to cover the pertinent facts of the accident the drivers will be referred to as plaintiff and defendant.

The accident occurred at the intersection of Lincoln and Walnut street in Liberal, Kansas, at 9:30 p. m. Plaintiff was driving the pickup west on Walnut street accompanied by her two children. Defendant was driving the station wagon south on Lincoln street and was alone at the time. There was no traffic control and no street lights at the intersection. It was dark. Both streets were surfaced with hard packed gravel. The plaintiff stopped her pickup prior to entering this intersection, for she had lived near the same for several years and knew this was a bad intersection. She looked both ways for oncoming vehicles and saw no lights in the first block to the north. She drove into the intersection to a point about two-thirds of the way across. She saw a "terrific flash of light." She stated there was no time to apply her brakes after seeing the light and before her pickup was hit on the right side. The pickup skidded to the left a distance of fifty feet before coming to rest.

The defendant, Jimmie Fuller, had been remodeling a building called the "Tiki Club" for Paul Maxwell. Paul Maxwell owned the station wagon and had asked Jimmie to drive him from the "Tiki Club" to the "Cafeteria." The defendant did so and on his return trip to the "Tiki Club" the accident occurred. As he approached the intersection the defendant saw plaintiff's car and applied the brakes. The station wagon left seventy-two feet of skid marks before the point of impact and ten feet of skid marks after the impact. An officer of the Liberal Police Department arrived at the scene shortly after the accident. The defendant-driver received a ticket for careless driving and entered a plea of guilty to the charge on the following morning.

During the trial a member of the chiropractic profession testified concerning plaintiff's injuries. Objection was made by defendants

that the chiropractor had not been properly qualified before giving testimony. The testimony of this man concerned his personal treatment of the plaintiff's injuries which he related to the accident. He testified that he was a licensed chiropractor at Liberal, Kansas. Additional testimony as to his qualifications was brought out on cross-examination. The trial judge admitted his testimony. This testimony was based upon personal observation. He gave opinion testimony and made inferences based on his examination and treatment of the plaintiff.

A witness having special knowledge and qualifications on subjects requiring special skill and study may testify from the matters observed or from facts submitted hypothetically to him and he may give an opinion based on either or both. The qualifications of an expert witness and the admissibility of his testimony are matters within the sound discretion of the trial judge. This principle of law has been previously determined and clearly stated. (*Grohusky v. Atlas Assurance Co.*, 195 Kan. 626, 408 P. 2d 697.)

K. S. A. 60-456 (*b*) and (*c*) provide:

"(*b*) If the witness is testifying as an expert, testimony of the witness in the form of opinions or inferences is limited to such opinions as the judge finds are (1) based on facts or data perceived by or personally known or made known to the witness at the hearing and (2) within the scope of the special knowledge, skill, experience or training possessed by the witness.

"(*c*) Unless the judge excludes the testimony he shall be deemed to have made the finding requisite to its admission."

Prior to the present code this court determined that a chiropractor authorized to practice his profession was presumed to be sufficiently versed in the structure of the human spine to testify concerning it. (*Ladlie v. American Glycerin Co.*, 115 Kan. 507, 223 Pac. 272.) This state recognizes the practice of chiropractic as one of the healing arts in certain special areas of examination and treatment related to the human body, including x-ray diagnosis. (K. S. A. 65-2871.)

The defendant was accorded full opportunity to cross-examine this witness and thereby test the credibility and weight to be given his testimony. We find no error in this specification.

The second specification of error concerns an objection to cross-examination by plaintiff of her own witness. The plaintiff testified that after the collision defendant leaned over her and she smelled liquor on his breath. Plaintiff called another witness and asked

her if there was any drinking in the "Tiki Club" the day of the accident. The witness said she did not see any drinking. On cross-examination the defendants then brought out that plaintiff's witness had never seen the defendant take a drink and had never smelled liquor on his breath. The court then permitted the plaintiff to cross-examine her own witness concerning statements alleged to have been made by her to two other persons about the defendant's drinking on the day of the accident.

K. S. A. 60-420 provides:

"Subject to sections 60-421 and 60-422, for the purpose of impairing or supporting the credibility of a witness, any party including the party calling him may examine him and introduce extrinsic evidence concerning any conduct by him and any other matter relevant upon the issues of credibility."

This is a matter within the sound discretion of the trial judge as provided by the more liberal provisions of the present statute and is subject to the limitations provided by K. S. A. 60-421 and 60-422. No violation of any of these limitations has been pointed out and none appears in the record on appeal. We find no error in the second specification designated by appellant.

A third specification of error is made because the plaintiffs were permitted by the trial court to introduce parts of discovery depositions of the two defendants who were present in court. Defendants contend that the evidence was inadmissible under K. S. A. 60-227 (4) (a) because the deposition is that of a party to the action and is offered against him at the trial.

The provisions of K. S. A. 60-227 relate only to a method therein provided to perpetuate testimony for use in a contemplated action in the future. This permits a testator, a contracting party, or a person executing a deed to anticipate litigation after death, involving heirs, personal representatives or assignees. The purpose of such an action is to put evidence presently available into such a form as will be admissible in a future action after the death of a party or parties to the recent transaction to which such evidence relates. This procedure to perpetuate testimony is similar to Federal Rule 27 (a).

Discovery depositions taken pending trial under K. S. A. 60-226 may be used as provided under subsection (d) thereof and the use of such depositions is not affected or limited by the provisions of K. S. A. 60-227 relating to perpetuation of testimony. (Barron & Holtzoff Fed. P. & P. §§ 641, 671 to 676; Vernon's Kansas C. C. P.,

60-227; Gard's Kansas C. C. P. 60-227; *In re Welch's Estate,* 60 Ariz. 215, 134 P. 2d 701.)

The statute relating to the use of the depositions in the present case is K. S. A. 60-226 (*d*) which reads as follows:

"(*d*) At the trial or upon the hearing of a motion or an interlocutory proceeding, *any part or all of a deposition,* so far as admissible under the rules of evidence, *may be used* against any party who was present or represented at the taking of the deposition or who had due notice thereof, in accordance with any one of the following provisions:" (Emphasis added.)

We are not concerned here with the provisions of subparagraph (1) under subsection (*d*).

Subparagraph (2) thereunder reads:

· "(2) The deposition of a party . . . may be used *by an adverse party* for any purpose without regard to the limitations of subparagraph (3) of this subsection." (Emphasis added.)

We are not concerned with any of the limitations on use set forth in subparagraph (3).

Subparagraph (4) reads as follows:

"(4) If only part of a deposition is offered in evidence by a party, an adverse party may require him to introduce all of it which is relevant to the part introduced, and any party may introduce any other parts."

The defendants do not contend that the portions of depositions introduced failed to contain all of the matter which was relevant to the part introduced. The use by plaintiffs of portions of the discovery depositions of defendants is specifically authorized by K. S. A. 60-226. We find no error on this point.

The errors claimed by appellant in the statement of points No. 5 and 9 relate to the admission of the testimony of a trooper for the Kansas Highway Patrol concerning the speed of defendant's station wagon. His testimony was based on facts assumed in a hypothetical question plus information contained in a diagram drawn by another officer who investigated the accident, and upon pictures taken of the intersection and the vehicles involved. The diagram and the pictures were part of the evidence admitted and used during the trial. Strenuous objection was made at the trial to this opinion testimony. The trial court admitted the testimony. On cross-examination the witness stated that he had viewed the scene and looked over an accident report and was basing his opinion somewhat on information in the accident report. The accident report had been ruled inadmissible in evidence. There-

after in response to questions of both court and counsel the witness stated there were no factors taken into consideration from the accident report that were not revealed in the diagram, the exhibits and the hypothetical question. His testimony as to the speed of defendant's car was admitted in evidence. In support of a motion for new trial appellant introduced the affidavit of this witness who testified at the trial. In the affidavit the trooper stated that in event the skid marks made by defendant's station wagon prior to the impact were not solid and continuous on all four tires his opinion of the speed would have to be decreased. There was no evidence at the trial to indicate the skid marks were not solid and continuous on all four tires.

What we have heretofore stated regarding expert and other opinion testimony equally applies here. In *Temple v. Continental Oil Co.*, 182 Kan. 213, 320 P. 2d 1039 this court further delineated the rules applying to this type of testimony in the syllabus:

"5. Hypothetical questions put to an expert witness should be based upon only such facts as the evidence tends to prove, and if as to any material hypothesis, such question is without the support of the evidence, it should be excluded. It is not required that the question be based upon the conceded facts, nor that it embrace all the facts concerning which there is evidence; neither is technical accuracy required in the framing of the question, but no material exaggeration or perversion of facts assumed is permissible.

"6. When an expert witness has personal knowledge, or has had personal observation, and his opinion is sought, a hypothetical presentation is unnecessary, and he may be examined as an expert witness by direct interrogation, or, preferably, it may be based upon hypothetical questions. It is not fatal to a hypothetical question that it includes the personal knowledge of the expert witness when the extent of that knowledge is proved, so that the actual basis of the witness's opinion is in fact disclosed.

"7. A combination of the foregoing rules (syllabi 5 and 6) may be applied to determine the validity of a hypothetical question, which might otherwise in isolation appear vague and defective.

"8. While the admission of expert testimony is for the court, and its weight is for the trier of the facts, it is nevertheless necessary that the facts upon which an expert opinion is based should afford a reasonably accurate basis for the conclusions reached, as distinguished from mere guess or conjecture."

The defendants fail to point out any material exaggeration or perversion of facts assumed by the witness. Wide latitude in cross-examination of the witness was allowed by the trial court. Defendants' counsel thoroughly dug into the hypothesis upon which the opinion was based. We find nothing approaching abuse of discretion by the trial court.

The defendants moved the court for summary judgment (involuntary dismissal) at the conclusion of plaintiffs' evidence. The motion was denied and claim of error is predicated thereon. Defendants cite *Mies v. Twietmeyer*, 193 Kan. 97, 392 P. 2d 118 and contend that under the authority of that case the plaintiff, Mardell Taylor, was guilty of contributory negligence as a matter of law. There are several factors which distinguish the *Mies* case from the present one. This collision occurred at 9:30 p. m. and all witnesses testified it was dark. Mardell Taylor and her 15 year old son both testified that they looked north and saw no lights in the first block. Both testified that immediately before impact they saw a flash of lights. Under these facts the plaintiff suggests that the defendant may not have been driving with his lights on until shortly before impact. We have carefully reviewed the record and find no testimony by defendant on this point. We are aware of the incongruity behind the suggestion in view of other testimony that defendant was travelling at a high rate of speed and that the night was dark, but on the other hand defendant failed to clear up this simple question of fact by his own testimony while on the witness stand. We have additional distinguishing facts in the present case. A hedge and parked trailers on the north side of Walnut street limited the vision of both drivers. The plaintiff stopped before entering the intersection which had no traffic control signs. The defendant made no effort to reduce his speed as he approached the intersection until he saw plaintiff's car. Under the circumstances the question of negligence was properly left to the jury. (See *Deemer v. Reichart*, 195 Kan. 232, 243, 404 P. 2d 174.)

Defendant makes objection and urges error because of the failure of the trial court to submit the following additional instruction which read:

"You are hereby instructed in the above and foregoing instructions that in all instances the male gender is used but the duty required of drivers is the same for both men and women and where the male gender is used it includes the female gender."

We note that in each of the other instructions given by the court and containing the pronoun "he" to which defendants object, the pronoun was preceded in the instruction by a noun generally understood by people to include both male and female. Instruction No. 9 is made to relate to *"motorists"* and to *"one who has violated*

*the rules."* Instruction No. 10 is made to relate to the *"possessor of the right of way."* Instruction No. 11 relates to *"all drivers of motor vehicles."* Instruction No. 12 relates to *"a motorist approaching an intersection."* Instruction No. 13 relates to *"the operator of a vehicle."* The use of the pronoun "he" in these instructions by general usage is understood to relate back to the noun which is the subject of the instruction and which includes within its definition both male and female. The jury was instructed to *"bring to their assistance their good judgment, common sense, observation and experience in life."* Although the court in its discretion may have added the requested instruction to those given, we do not feel that the failure to instruct on the generic use of the pronoun "he" constitutes reversible error in this case. (See *Root v. Packing Co.,* 94 Kan. 339, 147 Pac. 69; *Rorschach v. Diven,* 97 Kan. 38, 154 Pac. 268; 88 C. J. S. Trial § 327 [b].)

The defendants have not sustained the burden of showing reversible error in this case, and the judgment is affirmed.