No. 38,659

RICHARD GENE BLAKEMAN, *Appellant*, v. JAMES E. LOFLAND and SIEBERT & WILLIS, INC., a Corporation, *Appellees*.

(252 P. 2d 852)

Opinion filed January 24, 1953.

*Paul R. Kitch*, of Wichita, argued the cause, and *Howard T. Fleeson, Homer V. Gooing, Wayne Coulson, Dale M. Stucky*, and *Donald R. Newkirk*, all of Wichita, were with him on the briefs for the appellant.

*John F. Eberhardt*, of Wichita, argued the cause, and *George Siefkin, George B. Powers, Samuel E. Bartlett, Carl T. Smith, Stuart R. Carter* and *Robert C. Foulston*, all of Wichita, were with him on the briefs for appellee Siebert & Willis, Inc.

*Lester Luther*, of Topeka, argued the cause, and *R. A. Hickey, C. R. Harner*, and *Rex A. Neubauer*, all of Liberal, were were him on the briefs for appellee James E. Lofland.

The opinion of the court was delivered by

PARKER, J.: This was an action to recover damages for personal injuries sustained when two automobiles collided at a street intersection in the city of Wichita, Kansas. There was a trial by jury

which returned a general verdict in favor of defendants together with special interrogatories finding the negligence of both plaintiff and defendants contributed to the action. A motion for a new trial was overruled and judgment was entered upon the verdict. Plaintiff appeals from the judgment and the order of the district court overruling his motion for a new trial.

The pleadings are not in controversy, hence all that need be said respecting them is that the petition charges the proximate cause of the accident and the injuries sustained by the plaintiff were due to divers acts of negligence on the part of defendant, James E. Lofland, in driving his automobile into the intersection at a time when he was employed by defendant, Siebert & Willis, Inc., and acting within the course and scope of his employment, that the separate answers state any damages suffered by plaintiff resulted from his own acts of negligence (describing them) in driving his automobile into such intersection, and that the reply denies all allegations of the answers.

With issues joined as above stated the cause came on for trial. After all evidence had been adduced the jury was instructed as to the law, submitted special interrogatories, and directed to retire to the jury room and deliberate on its verdict. Subsequently the jury returned with a general verdict in favor of the defendants, together with the special interrogatories and its answers thereto, which read:

"1. What was the speed of the defendant's automobile when it was approximately 150 feet east of the intersection? Answer: Approximately 40 mi. per hr.

"2. What was the speed of the defendant's automobile when it was approximately 50 feet east of the intersection? Answer: Approximately 35 mi. per hr.

"3. Did the plaintiff stop at the stop sign as required by law? Answer: Don't know.

"4. When the plaintiff's car was at the stop sign south of the intersection, how far east on First Street could the driver have seen approaching traffic? Answer: At least 1½ blocks.

"5. Immediately prior to the collision, was there anything to have prevented the plaintiff from seeing the defendant as he approached the intersection from the east? Answer: No.

"6. State the location of the defendant's automobile in regard to the east edge of the intersection at the time the plaintiff's car

"(a) Passed the stop sign. 40 feet—approximately.

"(b) Entered the intersection. Insufficient evidence.

"7. At the time the plaintiff's car passed the stop sign and entered the intersection, was the defendant's car close enough to the intersection to constitute an immediate hazard? Answer: Yes.

"8. At the time of the accident, did the defendant Siebert & Willis, Inc., have the right to control the physical conduct of the defendant Lofland? Answer: Yes.

"9. At the time of the collision, was the defendant Lofland acting in furtherance of the business of the defendant Siebert & Willis, Inc.? Answer: Yes.

"10. Do you find that the proximate cause of the collision was the negligence of both the plaintiff and the defendant? Answer: Yes.

"11. What if any negligence do you find against the plaintiff which was a proximate and contributing cause of the collision? Answer: Failed to yield right of way.

"12. What if any negligence do you find against the defendant which was a proximate cause of the collision? Answer: Excessive speed—careless driving."

Thereafter plaintiff filed a motion to set aside the answers to special questions Nos. 6(a), 7, 10 and 11, and a motion for a new trial. When these motions were overruled and judgment was rendered on the general verdict plaintiff perfected this appeal wherein, under proper specifications of error, he charged the trial court had erred in failing to sustain his motion to set aside the answers to special questions; in permitting the introduction of certain evidence, and in its instructions.

The only errors complained of in appellant's brief and on oral argument relate to the instructions. Therefore, since all other specifications of error must be regarded as abandoned (See *Sams v. Commercial Standard Ins. Co.*, 157 Kan. 278, 139 P. 2d 859; *Henderson v. Deckert*, 160 Kan. 386, 162 P. 2d 88; *Wing v. Mid-Continent Seeds*, 170 Kan. 242, 244, 225 P. 2d 78; *State v. Anderson*, 172 Kan. 402, 241 P. 2d 742), the main portions of this opinion, so far as it relates to the legal questions involved, will be restricted to a discussion of alleged instructional errors.

A detailed review of the evidence is not absolutely essential to a disposition of the claims of error relied on. Nevertheless, a brief outline of the salient facts will be informative and insure a proper understanding of the issues. Therefore, we shall first depict the uncontroverted factual picture as it existed before the accident and then, in highly summarized form, without attempting to relate everything appearing of record, give our view of what the evidence disclosed respecting the existing situation just prior to and at the moment of the collision. This we may add, after stating there were only two eye witnesses to the accident besides appellee, Lofland, and the appellant, who was suffering from amnesia and testified he could not remember anything preceding its occurrence, will be done

without identifying the witnesses or the parties offering their testimony.

First street, running east and west, is a through street and thirty-one feet wide. Grove street, running north and south, is thirty-four feet wide. The intersection where such streets cross is a stop intersection for Grove street traffic, with a stop sign positioned opposite such street at a point approximately sixteen to eighteen feet south of the south curb line of First street. At the point where the stop sign is located the driver of a motor vehicle approaching First street from the south can see approaching traffic on First street for a distance of at least one and one-half blocks.

On the morning of February 15, 1950, appellant, driving a 1948 Plymouth Coupe, was proceeding north on Grove street. At or about the same time appellee Lofland, who was then and there acting in furtherance of the business of the appellee corporation, was driving a 1949 Buick Convertible automobile, in a westerly direction on First street. At such time there was nothing to impair visibility and the driver of each vehicle could and should have seen traffic approaching for a considerable distance. Both motor vehicles approached and entered the intersection of First and Grove streets at about the same time where a collision occurred and appellant sustained personal injuries.

With respect to the conditions and circumstances causing the collision the record, reviewed as heretofore indicated, discloses evidence which warrants the following factual conclusions.

Some one hundred fifty feet east of the east curb line of Grove street Lofland, in proceeding toward the intersection in question, came up behind a 1947 Ford Sedan which was being driven by Lillie E. Jones in the same direction at a speed of approximately twenty-eight miles per hour and passed it, turning as he did so into the south or wrong side of First street. At that time he was driving about forty miles per hour. Instead of turning back to the north or the right side of First street he continued to drive on the wrong side of such street. Upon reaching a point fifty feet east of the intersection he was traveling approximately thirty-five miles per hour. At that point he observed appellant's Plymouth automobile to the south on Grove street, just passing the stop sign, traveling at a speed of between twenty-five and thirty miles per hour. Thereafter both cars moved into the intersection without stopping and collided at a point approximately eleven feet and nine inches north of the south curb line of First street and twelve feet west of

the east curb line of Grove street, the Buick striking the Plymouth squarely in the center of its right or east side. At the moment of the collision Lofland's car was still on the south half of First street and the Jones Ford, which was being driven on the north half of such street and was approximately a car's length behind the Lofland car, had either entered or was just entering the intersection.

At this point, even though for reasons to which we have heretofore alluded decision of the question is no longer imperative, we feel impelled to state the facts of record were ample to sustain the findings of the jury convicting the appellant of negligence which contributed to and was one of the proximate causes of the collision. Thus, since our decisions uniformly hold that contributory negligence of the character found by the jury would bar appellant's recovery (See *Most v. Holthaus,* 170 Kan. 510, 227 P. 2d 144, and cases there cited; Hatcher's Kansas Digest [Rev. Ed] Automobiles, Etc., § 24; West's Kansas Digest, Automobiles §§ 284, 308[11]), it clearly appears the judgment on the general verdict must be upheld unless the claims made by appellant respecting the instructions requested and refused warrant a conclusion they were of such nature the trial court committed reversible error in refusing to give them.

One of appellant's complaints is that the trial court refused to give the following instruction:

"You are instructed that where a party loses his memory as a result of injuries suffered in an automobile collision and is therefore unable to testify as to his conduct and actions immediatey prior to the occurrence it is presumed that he was exercising ordinary care for his own safety and was free from negligence. This presumption may be weighed by you in connection with all the other evidence introduced bearing on this issue."

In support of his position it was error to refuse to give the foregoing instruction appellant contends the presumption that a person killed in an accident was exercising due care at the time it occurred should be extended to include a person who loses his memory as a result of an accident. He then insists the trial court was required to give such instruction in this case notwithstanding there was evidence of record which, if believed, would warrant a conclusion he had failed to exercise due care. We are not required and hence are not disposed to here pass upon the first phase of this contention. Assuming, without deciding, the presumption of due care applies to persons who are suffering from loss of memory just as it does in cases where death results from an accident, a trial court does not err in refusing to give such an instruction where—as here—there was

direct proof to the effect the person relying thereon had failed to exercise due care. Long ago in *Brim v. Atchison, T. & S. F. Rly. Co.,* 136 Kan. 159, 12 P. 2d 715, this court held:

"An instruction that in the absence of evidence the law would presume that the deceased used ordinary care to ascertain that he could drive across the railway track in safety because of the natural instinct of self-preservation of a normal person should not be given where there was in fact direct evidence to the contrary." (Syl. ¶ 3.)

Although stated in different form, the rule announced in the foregoing decision, which we pause to hold applies with equal force to cases where it is claimed the presumption of due care exists because of loss of memory, is recognized and supported by our own decisions (see *Gilbert v. Railways Co.,* 109 Kan. 107, 110, 197 Pac. 872; *Gaffney v. Railway Co.,* 107 Kan. 486, 192 Pac. 736; *Jones v. Railway Co.,* 91 Kan. 282, 137 Pac. 796; *Railroad Co. v. Hill,* 57 Kan. 139, 143, 45 Pac. 581; *C. R. I. & P. Rly. Co. v. Groves,* 56 Kan. 601, 44 Pac. 628; *Dewald v. K. C. Ft. S. & G. Rld. Co.,* 44 Kan. 586, 24 Pac. 1101), as well as by the weight of authority (see, *e. g.,* 20 Am. Jur., Evidence, 170 § 166; 31 C. J. S. Evidence, 772, 774 § 135 (a), (b); 38 Am. Jur., Negligence, 987 § 293; 65 C. J. S., Negligence, 960, 961, § 206 (a); 61 C. J. S., Motor Vehicles, 241, 242, § 512 (b), (c); 9 Blashfield Cyclopedia of Automobile Law and Practice [Perm. Ed.], Presumptions, § 6051). Also, see, 152 A. L. R. Anno II 626 and 158 A. L. R. Anno II 748, and cases there cited, holding that the presumptions of innocence, and against suicide, are not evidence and disappear when there is evidence to the contrary.

We are not impressed with appellant's argument to the effect the rule announced in our own decisions has been considered and applied only in railroad cases. So far as it relates to consideration this is, to say the least, a dubious claim. See *In re Estate of Modlin,* 172 Kan. 428, 436, 241 P. 2d 692; *Goodloe v. Jo-Mar Dairies Co.,* 163 Kan. 611, 621, 185 P. 2d 158; *Sawhill v. Casualty Reciprocal Exchange,* 152 Kan. 735, 107 P. 2d 770, wherein we definitely indicated the presumption of due care is always rebuttable and may be overcome by direct or circumstantial evidence. Be that as it may, we have no trouble in concluding the rule in railroad and in automobile collision cases is not susceptible of differentiation.

Neither are we inclined to give serious consideration to a claim adherence to such rule results in an open invitation to perjury. A claim that perjury would result from the instruction requested by appellant would be just as plausible.

Nor do we see merit in the contention that to follow the rule announced in *Brim v. Atchison, T. & S. F. Rly. Co.,* supra, results in undue hardship. In this state contributory negligence is never presumed, it must be established by proof and, where the plaintiff's evidence does not disclose his own contributory negligence as a matter of law, the jury has an absolute right to disbelieve and disregard all evidence tending to establish its existence.

Appellant complains because the trial court refused to give the following requested instruction:

"You are instructed that the laws of the State of Kansas provide that the driver of a vehicle entering a stop intersection shall stop at the entrance to the intersection, and shall proceed cautiously, yielding to vehicles not so obliged to stop which are within the intersection or approaching so closely as to constitute an immediate hazard, but may then proceed.

"The law does not require that the disfavored driver remain stationary at the entrance until all traffic has fully cleared from both directions. It is sufficient if he enter cautiously, yielding the full half of the street to which oncoming traffic is entitled as elsewhere defined. He is entitled to assume that drivers on the through street will drive on their own side of the street at a lawful rate of speed until he realizes, or should have realized in the exercise of ordinary care, to the contrary."

There may be conditions and circumstances under which the foregoing instruction would be proper but if so they do not exist in this case. Under the uncontroverted evidence appellant who could or should have seen traffic approaching from the east on First street entered the intersection in question at a time when appellee Lofland's automobile, which was traveling on the wrong side of First street at an excessive rate of speed, constituted an immediate hazard to traffic approaching the intersection from the south. He was bound to see what he could and should have seen. (*McDonald v. Yoder,* 80 Kan. 25, 101 Pac. 468; *Lilly v. Wichita Railroad & Light Co.,* 127 Kan. 527, 530, 274 Pac. 205; *Gabel v. Hanby,* 165 Kan. 116, 193 P. 2d 239; *Bottenberg Implement Co. v. Sheffield,* 171 Kan. 67, 229 P. 2d 1004; *Fowler v. Mohl,* 172 Kan. 423, 425, 241 P. 2d 517.) Notwithstanding he entered the intersection and attempted to cross in front of the approaching hazard with the result the collision occurred. In that situation, under our statute (G. S. 1949, 8-552) and our decisions construing its force and effect (see *Revell v. Bennett,* 162 Kan. 345, 350, 176 P. 2d 538) he was required to remain out of such intersection until the hazard had passed, hence the trial court did not err in giving a requested instruction which, in the face of the evidence of record,

if it had been given would have had the effect of instructing the jury directly to the contrary.

We are not inclined to prolong this opinion by a detailed discussion of appellant's final contention that the trial court erred in refusing to give a requested instruction relating to certain provisions of our uniform act regulating traffic on highways, particularly G. S. 1949, 8-537, providing, subject to exceptions there noted, that a motor vehicle shall be driven on the right side of the roadway and G. S. 1949, 8-540, prescribing certain limitations respecting the overtaking of motor vehicles on the left. We agree, as appellant contends, that instructions should fairly present the law applicable to the theory of the parties to the case. We also agree that ordinarily it is the duty of the trial court to instruct on the sections of the motor vehicle act applicable to the facts established by the evidence. Moreover, from the standpoint of appellant's theory of the case, as well as the applicability of the sections of the statute just referred to, we are inclined to the view that the trial court should have given this instruction as requested. Even so, it does not follow that its refusal to do so warrants or compels the granting of a new trial. By its answer to Question 6 the jury found the defendant was guilty of negligence on other grounds, namely excessive speed and careless driving. In the answer to Question 7 it found that at the time appellant's car passed the stop sign and entered the intersection the car driven by appellee Lofland was close enough to the intersection to constitute an immediate hazard. And in its answer to Question 11 it found appellant was negligent in failing to yield the right of way. Consequently, it cannot be successfully argued appellant was prejudiced by the refusal to give an additional instruction which, to say the most, would have served only to give the jury an opportunity to find appellees guilty of another act of negligence. Under our statute (G. S. 1949, 60-3317) and decisions construing the force and effect to be given its terms (see *Alexander v. Wehkamp*, 171 Kan. 285, 291, 232 P. 2d 440; Hatcher's Kansas Digest [Rev. Ed.], Appeal & Error, §§ 509, 592; West's Kansas Digest, Appeal & Error, §§ 1026, 1034) error complained of which does not prejudice the substantial rights of a party affords no sound basis for the reversal of a judgment and must be disregarded. This rule is, of course, applicable where errors or defects in instructions become nonprejudicial by reason of special findings (see *Sternbock v. Consolidated Gas Utilities*

*Corp.,* 151 Kan. 81, 91, 98 P. 2d 162; *Simeon v. Schroeder,* 170 Kan. 471, 473, 474, 227 P. 2d 153; Hatcher's Kansas Digest [Rev. Ed.], Appeal & Error, § 547; West's Kansas Digest Appeal & Error, § 1068).

We find no error in the record warranting a conclusion the trial court committed reversible error in overruling the motion for new trial. Therefore its judgment must be and is hereby affirmed.