No. 40,021

Mamie M. Walker, Administratrix of the Estate of Jesse Franklin Walker, Deceased, *Appellee*, v. Theodore Gerritzen, *Appellant*.

(295 P. 2d 635)

Opinion filed April 7, 1956.

*Bert J. Vance*, of Garden City, argued the cause, and *C. E. Vance* and *A. M. Fleming*, of Garden City, *Charles H. Fleming*, of Scott City and *John D. Edwards*, of Lakin, were all with him on the briefs for the appellant.

*Donald R. Newkirk*, of Wichita, argued the cause, and *Howard T. Fleeson, Homer V. Gooing, Wayne Coulson, Paul R. Kitch, Dale M. Stucky, Robert J. Hill, Gerrit H. Wormhoudt, Theodore C. Geisert*, all of Wichita, and *C. E. Beymer*, of Lakin, were all with him on the briefs for the appellee.

The opinion of the court was delivered by

Parker, J.: This was an action to recover damages for wrongful death resulting from a pedestrian being struck by a motor vehicle while attempting to cross a public highway. The plaintiff, who was the duly qualified and acting representative of the decedent's estate, recovered and the defendant appeals.

The pleadings are not complicated and on careful examination it appears no meritorious claim is raised by either of the parties respecting their sufficiency. For that reason we shall not detail their allegations and all that need be said for the moment respecting them is that the petition charges negligence on the part of the defendant was the proximate cause of the accident, while the answer alleges that such accident and the death of the decedent was not due to negligence on the part of defendant but was caused by and resulted from the decedent's own acts of contributory negligence.

The cause was tried by a jury on issues joined as above indicated. During the course of the trial defendant demurred to plaintiff's evidence on grounds it failed to establish a cause of action against him or show negligence on his part was the proximate cause of the accident and disclosed decedent's own contributory negligence was the proximate cause of his injury and subsequent death. Upon the overruling of this demurrer defendant adduced his evidence. Subsequently the cause was submitted to the jury which in due time returned its general verdict in favor of plaintiff in the sum of $7,000 along with its answers to ten submitted special questions. Thereafter defendant filed a motion for judgment notwithstanding the verdict; a motion to set aside the jury's special finding No. 6, acquitting the decedent of negligence; and a motion for a new trial. When these motions were overruled he gave notice of his appeal to this court where, under proper specifications of error, he is now entitled to review and disposition of all questions hereinafter discussed and considered.

The nature of the contentions advanced by appellant in support of his position the judgment should be reversed are such as to require a somewhat extended review of the record, which it is to be noted is limited and does not purport to contain every thing essential to a full and complete factual statement. However, it can be said that some of the evidence abstracted, particularly that relating to the factual situation as it existed immediately prior to the accident, is not in conflict and the facts to be gleaned therefrom can be stated thus.

On September 18, 1953, the decedent, Jesse Franklin Walker, a resident of Lakin, Kansas, was seventy-four years of age and lived with his wife in a house located just south of the Santa Fe railroad tracks on the east side of Main Street at the south edge of such city. Main Street, as the name indicates, is the principal business street of the city and runs north and south. Highway K-25 runs in the same direction and is also a part of such street. On the date in question and in the vicinity of the Walker home such highway, which was comparatively level, was covered with a blacktop slab, twenty-eight feet in width. At least eight to ten inches of each edge of such slab was covered with sand.

Sometime between 6:30 and 7:00 p. m., on the evening of September 18 the appellant was driving his Dodge pickup truck in a northerly direction on Highway K-25 in the city of Lakin. At that

hour the street lights were on and the headlights of the vehicle appellant was operating were lighted, although there was still a little light from the sun. At or about the same time Mr. Walker who had previously left his house to obtain some milk from across the street had procured such milk and was returning to his home. In doing so he attempted to cross the street and highway from west to east, between intersections, in the middle of the block in which his house was located. This attempt proved to be unsuccessful due to the fact that when he had reached a point some ten to twelve feet east of the center line of the highway and approximately thirty-five feet north of the driveway leading from his home to the highway, he was struck by appellant's oncoming automobile, thereby sustaining fatal injuries which resulted in almost if not instant death.

Other facts, to be regarded as established because based on unchallenged findings, are to be found in the special questions submitted and the answers made thereto by the jury. Omitting challenged Finding No. 6 and the question on which it is based such questions and answers read:

"1. At what speed do you find that the defendant, Theodore Gerritzen, was driving immediately prior to striking deceased? 10 to 20 miles per hour.

"2. Were the lights of the Gerritzen vehicle lighted? Yes.

"3. Where with reference to the center of the highway was the point of impact between the Gerritzen vehicle and the deceased? From ten to twelve feet east of the center line of hiway.

"4. Did the decedent, Jesse Franklin Walker, see the Gerritzen vehicle prior to the time that it was so close to him that he could not avoid being struck? Yes.

"5. If you have answered Question No. 4 in the affirmative, where was the decedent with reference to the center of the road when he first observed the Gerritzen vehicle? Fourteen feet or more west of center of road.

.    .    .    .    .    .    .    .    .    .    .    .

"7. If you have answered Question No. 6 in the affirmative, state what act or acts of negligence which the decedent was guilty of?

"8. Do you find that the defendant, Theodore Gerritzen, was guilty of any act of negligence which was the proximate cause of the injury to the decedent? Yes.

"9. If you have answered Question No. 8 in the affirmative, please state what negligence the defendant was guility of? Not observing the road properly.

"10. Did anything prevent the decedent from seeing the Gerritzen vehicle? No."

From this point on the story is not so clear and, due to the state of the record, we have concluded pertinent details of the evidence

supplementing the facts heretofore related must be based on our version of their import. As that is done it is well to note the only living eyewitnesses to the accident and the events immediately preceding it were the appellant himself and one other person, Dean Hoppas.

The record discloses appellant testified as a witness in his own behalf. However, since the abstract does not disclose any of his testimony and the counter abstract is limited to seven answers to as many questions, we are in no position to review his evidence and it is of little value for any purpose on appellate review. The most that can be said for it is that in the answers to which we have just referred he admitted in substance that he did not see the decedent at any time before the collision occurred; that there was nothing to distract or prevent him from seeing him that he knew of; that he had no independent recollection as to whether at the moment of the impact he was driving his truck with its right side wheels on the sand which covered the east edge of the blacktop; and that it would not have been too unusual if he had been doing so for the reason that was more or less customary because the sand encroaches on the highway.

The evidence of Dean Hoppas is abstracted and throws some light on facts not heretofore established. Touching such matters he testified in substance that he was a school teacher; that he entered Main street from an east and west street a little over a block south where the accident happened, at which time he was driving north on such street; that he saw appellant approaching from the south; that he was driving the truck at an ordinary speed within the speed limits; that he waited for appellant to pass before turning into the intersection and then pulled in behind him, heading north; that he then observed the truck and that it was being driven down the driver's lane, the east lane of the blacktop portion of the highway; that he could see Mr. Walker and first saw him when he was on the shoulder, i. e., the west shoulder of the road, approaching such road, walking east; that at that moment appellant's truck was south of decedent on the highway; that Mr. Walker continued to walk steadily across the road without changing his speed or the direction of his walking until he passed from his sight in front of the approaching truck; that he did not see the impact because the truck was between him and the deceased, and thought for a moment the latter had made it but learned differently when he came up to the scene

of the accident; that as he recalled it there were no vehicles coming from the north at or just prior to the time the accident occurred. In connection with his testimony this witness was interrogated regarding distances and admitted that soon after the accident he had made a statement in which he said he was from 100 to 200 feet from the pickup truck when the accident happened. With respect to this statement and another question as to how far he was from Walker when the latter came on the highway he made the following statement:

"My depth perception is not what it should be and when Walker came on the highway I could not tell how far away he was. If there is an object out there and farther on another one, I have trouble telling the distance between the two objects and I look at them."

Several witnesses, including the sheriff of the county, testified to the effect that appellant told them he did not see the decedent until just at the time he hit him.

Notwithstanding the testimony of witness Hoppas respecting the location of the truck on the highway just prior to the accident the jury had before it the testimony of a witness, one Perry L. Johnson, who, according to the counter abstract, made the following statements with regard to the same subject:

"You could backtrack from the pickup down in the sand. A tire track led directly from the driveway north to the back end of the pickup. The track went north and south and out just a little, like he had been farther over. The south end of the track was possibly in the sand about two and a half feet from the clean edge of the blacktop. I didn't measure it.

"The truck was sitting probably eight to twelve inches on the road. . . ."

In conclusion it should be stated at this point that the record as presented discloses no evidence, hence we must assume there was none, respecting the following pertinent matters: (1) Where Hoppas was when he saw Walker, i. e., whether he saw such decedent while still on the east and west street or after he turned and reached the highway; (2) the distance appellant's truck was from the point of the accident when the decedent was seen by Hoppas at the west shoulder of the highway; (3) whether decedent stopped or looked prior to starting across such highway; and (4) whether, after seeing appellant's vehicle approaching on the highway, as the jury found, decedent failed thereafter to watch and observe such vehicle while attempting to traverse the highway. And last but not least it should be kept in mind that except for the fact the accident happened the record presents no real or concrete evi-

dence disclosing decedent failed to yield the right of way to appellant on the occasion in question.

Appellant's first claim of error is founded on the premise the trial court erred in overruling the portion of his demurrer charging appellee's evidence specifically shows that the decedent was guilty of contributory negligence as a matter of law. It is based in part upon provisions of G. S. 1949, 8-557, which read:

"(a) Every pedestrian crossing a roadway at a point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right of way to all vehicles upon the roadway. . . . (d) Notwithstanding the provisions of this section every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway, and shall give warning by sounding the horn when necessary, and shall exercise proper precaution upon observing any child or any confused or incapacitated person upon a roadway."

When all his arguments are carefully analyzed it appears the gist of the first contention advanced by appellant in support of his position on the claim now under consideration is that under and by reason of the foregoing statute a person who enters upon and attempts to cross a highway where oncoming motor vehicles are approaching, and have been observed, does so at his peril and is guilty of negligence as a matter of law if, while on the roadway, he is struck by one of such vehicles. More specifically, based on this construction of the statute and as applied to the facts of the case at bar, appellant's position is that appellee's evidence shows contributory negligence as a matter of law because it discloses that after entering upon the roadway decedent failed to stop and permit the truck in question to pass in front of him before proceeding on across such roadway.

We are not disposed to here labor the numerous negligence cases cited by the parties in which it may be conceded something has been said or held that can be regarded as tending to support their respective positions on the point now under consideration. It suffices to say we think appellant's contention with respect thereto was rejected by this court in *Barker v. Seber*, 154 Kan. 24, 114 P. 2d 791, to which we adhere, and therefore cannot be upheld.

Next it is argued the demurrer to the evidence should have been sustained because the evidence of record shows that the decedent failed to yield the right of way. Assuming that in view of provisions of the statute, heretofore quoted, a pedestrian who fails to yield to a vehicle having the right of way on a highway is negligent

it does not follow appellant's position on the point now under consideration can be upheld. Under the rule announced in the decision last above cited, and for that matter recognized in more recent decisions (See, *e. g., Hultberg v. Phillippi,* 167 Kan. 521, 206 P. 2d 1057, and *Hultberg v. Phillippi,* 169 Kan. 610, 220 P. 2d 208), before a pedestrian can be convicted of negligence in failing to yield the right of way to an oncoming vehicle it must first be established by the evidence that such vehicle was entitled to the right of way under the existing facts and circumstances.

The general rule, so well-established as to hardly require citation of our decisions supporting it, is that in ruling on a demurrer to the evidence the evidence and the inferences that may properly be drawn therefrom must be considered in the light most favorable to the party against whom the demurrer is directed, and if the evidence and the inferences viewed in that manner are of such character that reasonable men in the exercise of fair and impartial judgment may reach different conclusions, the demurrer should be overruled and the issue submitted to the jury (West's Kansas Digest, Negligence, § 136 [9] [10], Appeal & Error § 927 [5], and Trial § 156 [2] [3]).

When the record, including facts shown and those not established by evidence as heretofore related, is reviewed in the light of the legal presumption that a deceased person exercised due care for his own safety in the absence of evidence to the contrary and the well-established rule that negligence is never presumed but must be established by proof, we think such record presented a situation where reasonable minds might differ regarding the questions whether appellant's vehicle had the right of way at the time of the involved accident or decedent Walker was required to yield the right of way at that time. It follows it was the province of the jury to determine those questions and the trial court did not err in overruling the demurrer.

Heretofore it has been stated that appellant moved to set aside the jury's answer to special question 6. That question reads "Do you find that the decedent was guilty of any act of negligence which was a proximate cause of his injury?" The jury's answer to such question was "No." First it is argued this is a general finding in the nature of a conclusion and that since it conflicts with the specific findings it should be set aside. We are not told and therefore assume appellant's position on this point is that the answers

to questions 4 and 5, quoted early in this opinion, are inconsistent with the answer of which he now complains. Conceding the answer to such question is general in nature we find nothing so contradictory in the answers to questions 4 and 5 as to warrant a conclusion the trial court erred in overruling the motion to set aside the answer to question 6.

After a careful review of the entire record, the special findings and what has been heretofore stated and held we find no merit in appellant's claim the trial court erred in overruling his motion for judgment notwithstanding the verdict, based on grounds the special findings conflict with the general verdict and show the decedent was guilty of contributory negligence as a matter of law. We reach the same conclusion respecting another claim of error to the effect the record does not disclose negligence on his part which was the proximate cause of the accident. And still another, not seriously urged, that the trial court erred in overruling his demurrer to the petition.

Finally appellant complains that the trial court erred in overruling his motion for a new trial. This claim is based entirely upon alleged errors in the giving of instruction 5 wherein the court set forth provisions of the statute heretofore quoted, gave certain definitions to be found in G. S. 1949, 8-501, and concluded with the following statement, which is the only portion of the instruction complained of:

"You are instructed that the term 'yield the right of way' as used in G. S. 1949, 8-557, subsection (a), means to give way so that vehicles upon the roadway shall have a reasonable opportunity to pass in safety, but it does not mean that a pedestrian give way completely and stay entirely outside the area of the roadway."

Ordinarily when—as here—a number of instructions are given by the trial court and only one of such instructions is brought to this court we regard the record as insufficient to permit its review. Even so, it may be stated we have read and carefully analyzed the challenged portion of the instruction and see nothing so seriously wrong with it as to warrant or compel the granting of a new trial.

The judgment is affirmed.