No. 40,988

SYBIL C. FINCH and SYBIL C. FINCH, as the Natural Guardian and Next Friend of JAMES LESTER FINCH, a Minor, *Appellees*, v. LARRY PHILLIPS and GARRETT PHILLIPS, *Appellants*.

(326 P. 2d 763)

Opinion filed June 7, 1958.

*Evart Mills*, of McPherson, argued the cause and was on the briefs for the appellants.

*George E. Teeple*, of Mankato, was on the brief for the appellees.

The opinion of the court was delivered by

WERTZ, J.: This was an action to recover damages for wrongful death resulting from a collision at the intersection of two unmarked county highways. From a general verdict and judgment in favor of the plaintiffs, defendants appeal.

Briefly stated, the petition, filed by decedent's widow and son (plaintiffs, appellees), alleged that on April 24, 1955, decedent, Eldon Finch, was driving his farm truck east on a county highway approaching an unmarked intersection, and defendant (appellant) Larry Phillips was driving his father's automobile north toward the same intersection; that decedent's view of the north-south highway was obscured by a sharp decline 250 feet south of the intersection and by high weeds and a land terrace; that decedent entered the intersection at a cautious rate of speed at a time when defendant's vehicle was some distance south thereof, but defendant was driving at such an excessive amount of speed (seventy miles an hour) that he crashed into the right rear side of decedent's

truck, causing it to overturn and resulting in severe personal injuries to the driver, from which he died five days later. Plaintiffs alleged that the death of Eldon Finch was the proximate result of and brought about by the negligence of defendant in failing to keep a proper lookout for other vehicles which might be approaching the intersection, in driving at such a dangerous and excessive rate of speed that he was unable to stop within the range of vision ahead, in not having his vehicle under proper and careful control under the alleged circumstances and conditions, and in failing and being unable to yield the right of way to a vehicle which had entered the intersection first. Plaintiffs prayed for judgment in a specified amount.

Defendants' answer alleged contributory negligence on the part of decedent in failing to keep a proper lookout, in failing to yield the right of way to defendant, in failing to stop when he saw or should have seen defendant's automobile approaching the intersection at the same time, in failing to apply his brakes, and in failing to stop or turn aside when defendant's automobile was within or nearly within the intersection.

Plaintiffs replied by way of a general denial.

There. is little dispute as to the facts. Briefly summarized they are as follows:

The roads in question were dirt county roads of about the same width. On the morning of April 24, 1955, decedent left his home for that of a neighbor one and one-half miles east to assist in vaccinating some calves. He was driving his 1948 Chevrolet truck which was equipped with a red stock rack extending six feet above the truck bed. The truck and the rack weighed 7880 pounds. He proceeded east on the county road at a speed of approximately thirty miles an hour. His view to the south was obstructed by high weeds and sunflowers close to the ditch and in the field adjoining the east-west road. He entered the intersection at a speed of approximately twenty miles an hour.

On the same morning defendant Larry Phillips was driving his father's 1949 Plymouth automobile north on the county road which intersects the east and west road on which decedent was driving. Defendant testified that he first saw the truck when it was 175 feet west of the intersection and he was approximately the same distance south thereof. He admitted driving forty-five to fifty miles an hour, and that about one hundred feet south of the intersection he applied his brakes with such force that all four wheels of the

automobile slid a distance of ninety feet into the intersection. Defendant's automobile struck the right rear wheel of decedent's truck, knocking and forcing it a distance of twenty six and one-half feet to the north and east and into the ditch, where it overturned. The collision damaged the entire front end of defendant's automobile and turned it partially around on the highway. Defendant got out of his car and removed decedent from the truck. Immediately thereafter and in the presence of two witnesses, the defendant stated to decedent that he was sorry, it was all his (defendant's) fault. Defendant testified that he saw decedent enter the intersection first and tried to yield the right of way to him; that he was trying his best to stop after he first saw decedent; that it was almost a blind intersection. Defendant further testified that he applied his brakes about one hundred feet from the intersection to make sure he would not hit the truck.

A neighboring farmer testified that he was familiar with the intersection; that, "it was a bad corner, about as bad as there is"; that the view of one driving east on the east-west road would be obstructed to the south by a weed patch and sunflowers; that the weeds and sunflowers in the field grew "pretty close to the ditch on the east-west road" and it would be difficult to see oncoming traffic either way.

It is not necessary to relate further evidence in view of the errors specified in this appeal.

After presentation of the evidence by the respective parties the case was submitted to the jury, which returned a general verdict for the plaintiffs and answers to twelve special questions submitted to it by the court. Following the overruling of defendants' posttrial motions, they appeal, asserting that the trial court erred in overruling their motion to set aside answers to certain special questions, in overruling their motion for judgment notwithstanding the general verdict, and in overruling their motion for a new trial.

As to defendants' first contention, no useful purpose would be gained in setting out in detail all twelve questions and answers. The defendants object only to answers to questions seven, nine, eleven and twelve. It may be stated that question seven as it was framed was immaterial; likewise, any answer by the jury to the question as it was framed would have been immaterial. The answer, sought to be stricken, had no bearing either upon the answers to other special questions or upon the general verdict.

Question No. 9 reads: "Did the Finch [decedent] and Phillips [defendant] vehicles enter the intersection at substantially the same time? Answer: No." This answer is sustained by the record and defendant Larry Phillips' own testimony. Defendant testified that the decedent entered the intersection first.

Question No. 11 reads: "What, if any, negligence of Larry Phillips do you find was a proximate and contributing cause of the collision? Answer: He was not approaching corner at a cautious speed. He lost control of his car when he locked his brakes." Defendants contend the answer was not within the issues of the case. There is no merit in this contention. The answer was clearly within the issues.

Question No. 12 reads: "What, if any, negligence of Finch [decedent] do you find was a proximate and contributing cause of the collision? Answer: Due to high weeds, speed of Phillips car & Rule. [instruction] No. 16, Finch is not negligent." [Instruction No. 16: "Where the death of a person results from injuries suffered in an accident or collision and he is therefore unable to testify as to his conduct and actions immediately prior to the occurrence of the accident or collision, it is presumed that he was exercising due and ordinary care for his own safety and was free from negligence. This presumption of due and ordinary care is rebuttable and may be overcome by direct or circumstantial evidence and may be weighed by you in connection with all of the other evidence introduced and bearing upon this issue."] Defendants contend that this answer should be stricken as it is contrary to special findings of the jury which show decedent guilty of contributory negligence. We find no merit in this contention.

The remaining findings, to which there was no objection, disclose that defendant Larry Phillips was 250 feet south of the intersection, traveling at fifty-five miles an hour, when he first saw decedent's truck, which was 175 feet west of the intersection; that decedent at a point 150 feet west of the intersection was driving approximately thirty miles an hour and at the time of the collision approximately twenty miles an hour; and that decedent's truck had entered the intersection first. The findings clearly disclose that the jury found defendant guilty of negligence which was the proximate cause of the injury, and exonerated decedent from contributory negligence.

Defendants' second contention is that their motion for judgment notwithstanding the general verdict should have been sustained on the ground that the answers to special questions disclosed decedent was guilty of contributory negligence which barred his recovery. We find no merit in this contention. In our recent case of *Long v. Foley*, 180 Kan. 83, 91, 92, 299 P. 2d 63, we stated:

"It is true . . . that the rule in this jurisdiction is that ordinarily, and in the absence of convincing evidence to the contrary, it will be presumed that a deceased person exercised reasonable care for his own safety. (*In re Estate of Modlin*, 172 Kan. 428, 436, 241 P. 2d 692; *Henderson v. National Mutual Cas. Co.*, 164 Kan. 109, 187 P. 2d 508; *Smith v. Bassett*, 159 Kan. 128, 152 P. 2d 794; *Eidson v. Railway Co.*, 85 Kan. 329, 116 Pac. 485; *Railroad Co. v. Gallagher*, 68 Kan. 424, 75 Pac. 469; *C. R. I. & P. Rly. Co. v. Hinds*, 56 Kan. 758, 44 Pac 993.)

". . . the presumption is always rebuttable and is overcome when there is proof to the contrary. (See *Stroud v. McCusker*, 175 Kan. 257, 261, 263 P. 2d 260; *In re Estate of Modlin*, supra; *Goodloe v. Jo-Mar Dairies Co.*, 163 Kan. 611, 185 P. 2d 158; 61 C. J. S., Motor Vehicles, 240 § 512; 20 Am. Jur., Evidence, 164, 214 §§ 160, 217.)"

See also *Walker, Administratrix v. Gerritzen*, 179 Kan. 400, 406, 295 P. 2d 635.

In *Blakeman v. Lofland*, 173 Kan. 725, 731, 252 P. 2d 852, we held that in this state contributory negligence is never presumed, it must be established by proof and, where the plaintiff's evidence does not disclose his own contributory negligence as a matter of law, the jury has an absolute right to disbelieve and disregard all evidence tending to establish its existence.

In *Miller v. Union Pac. R. Co.*, 196 F. 2d 333, 335 (Tenth Circuit) it was stated:

"Kansas has held without deviation that it will be presumed that a deceased person exercised reasonable care for his safety. This presumption rests upon the postulate that the love of life common to all prompts one to exercise care that injury or death will not come to him."

In the instant case the defendants failed in their proof to rebut the presumption that decedent exercised due care for his own safety at the time and place in question. After a careful review of the entire record we find no merit in defendants' claim that the trial court erred in overruling their motion for judgment notwithstanding the general verdict based on the ground that the special findings conflict with the general verdict and show the decedent guilty of contributory negligence as a matter of law. There is nothing

in the answers to the special questions that is inconsistent with the general verdict or that compels a judgment in favor of the defendants.

Defendants' third contention is that the court erred in overruling their motion for a new trial. With the exception of two immaterial matters which warrant no discussion, the questions have been covered heretofore.

In view of what has been said, we find nothing in the record to warrant either entering judgment for defendants or granting a new trial. The judgment is affirmed.

It is so ordered.