## BARTKOSKI v. PITTSBURGH & LAKE ERIE R. CO.

### No. 9673.

United States Court of Appeals
Third Circuit.
Argued Oct. 21, 1948.
Decided Jan. 28, 1949.

---

1008

Vincent M. Casey, of Pittsburgh, Pa. (Marvin D. Power and Margiotti & Casey, all of Pittsburgh, Pa., on the brief), for appellant.

Chauncey Pruger, of Pittsburgh, Pa. (Reed, Smith, Shaw & McClay, of Pittsburgh, Pa., on the brief), for appellee.

Before BIGGS, Chief Judge, and GOODRICH and KALODNER, Circuit Judges.

BIGGS, Chief Judge.

Loretta Bartkoski, the administratrix of the estate of her deceased husband, Walter S. Bartkoski, brought suit under the Federal Safety Appliance Act and the Federal Employers' Liability Act, 45 U.S.C.A. respectively §§ 1 et seq. and 51 et seq., against The Pittsburgh and Lake Erie Railroad Company to recover damages resulting from the death of her husband in the course of his employment by the defendant. The jury rendered a verdict in the plaintiff's favor in the sum of $100. She has appealed from an order of the court below denying her motion to set aside the verdict and for a new trial.

Bartkoski, an engineer, early on the morning of July 26, 1944 began a switching operation in the defendant's Pittsburgh yards, pushing a string of freight cars in an easterly direction, his engine, however, facing west and moving backward. The end car of Bartkoski's train collided with the nearest of a string of freight cars standing at rest in the yard. Bartkoski's train was moving at the rate of five to eight miles an hour and rebounded some feet from the point of collision. Sheridan, a yard helper, stated that the end car of Bartkoski's train was "* * * damaged pretty bad * * *" by the collision and that the train had rebounded "about two truck lengths", viz., about ten feet. Bartkoski had been sitting upon the engineer's box seat with his body twisted toward the rear of the locomotive so that he could see in the direction of the train's movement. Immediately after the collision Bernhardt, Bartkoski's fireman, saw him standing on the floor of the engine before the fire box with his face in his hands. He assisted Bartkoski to a seat on a ledge in the cab. Bartkoski complained about his nose. After the accident Bartkoski and Bernhardt continued to work for about seven hours until the end of their shift, 8:00 a. m.

The plaintiff's theory as to how her husband had sustained the injuries which resulted in his death is as follows: Bartkoski's death resulted from abdominal injuries incurred when he was thrown by the impact of the collision against the valves and levers in his locomotive cab; that the blow to his abdomen excited a pre-existent non-malignant tumor into cancer from which he died. The defendant admitted negligence but denied that Bartkoski's death resulted from the collision.

The primary dispute between the parties arises from certain offers of proof made by the administratrix. These fall into six categories: (1) an offer to prove by her own testimony statements made by her husband to her upon his return from work on the morning of the accident as to how he was injured; (2) an offer to prove the existence of bruises upon Bartkoski's body by her own testimony, by that of her son-in-law, by that of a doctor, and by that of a nurse at the South Side Hospital where Bartkoski died; (3) an offer to prove Bartkoski's antecedent good physical health by the testimony of the family physician; (4) an offer to prove by another doctor, a cancer specialist, that on July 26, 1944 a non-malignant tumor existed in Bartkoski's

body near the site of the bruises on his abdomen, and that the trauma of the accident excited this tumor so that it became malignant causing Bartkoski's death; (5) an offer to show by records of the South Side Hospital Bartkoski's physical condition from the time of his admission until his death; and (6) the bills of the hospital and doctors during Bartkoski's last illness.

The defendant objected to these offers on several grounds only two of which require discussion herein. The first objection was that all the testimony offered was irrelevant in that it would not tend to prove that Bartkoski's death had been caused by the accident. The second objection, going only to the administratrix' offer to prove by her husband's statements to her how the accident occurred ((1) supra), was that the proffered testimony was prohibited as hearsay. The plaintiff attempts to meet the defendant's first objection by the assertion that the proof offered by her is relevant and material and therefore should have been admitted. She attempts to meet the second by asserting that Bartkoski's statements to his wife were sufficiently close in time to the accident and so intimately connected therewith as to be part of the res gestae.

 The court below rejected all the offers in toto. The effect of these rulings was to put the plaintiff in such a position that she could claim damages only for the injuries to her husband's nose. The court so charged the jury.[1] This accounts for the amount of the verdict. But under the Federal Employers' Liability Act the defendant was liable in damages for Bartkoski's death if it resulted "in whole or in part" from the defendant's negligence. Bailey v. Central Vermont Ry., 319 U.S. 350, 352–353, 63 S.Ct. 1062, 87 L.Ed. 1444; Coray v. Southern Pacific Co., 335 U.S. 520, 69 S.Ct. 275.[2] The plaintiff was entitled to show facts from which the jury could infer that Bartkoski's death resulted from the bruise to his abdomen, resulting from the collision, which excited a previous non-malignant tumor into cancer. The offers of evidence, supra, (2) to (5) inclusive, were pertinent to the issue whether Bartkoski's death resulted in whole or in part from the accident and, in addition to the evidence already admitted, would have proved the plaintiff's case, if the jury found the evidence credible. See the Bailey case, supra, 319 U.S. at page 354, 63 S.Ct. at page 1064, 87 L.Ed. 1444. The hospital records, item (5), supra, clearly fell within the Federal Shop Book Act, § 695 of former Title 28 (now Section 1732 of Title 28 United States Code) and were relevant to the inquiry as to the cause of Bartkoski's death. Nor is there any doubt that evidence as to what a patient has told a doctor for the purposes of medical treatment is admissible as an exception to the hearsay rule. United States v. Calvey, 3 Cir., 110 F.2d 327, 330. If, as we conclude, the evidence offered with that already in the case was sufficient to enable the jury to find that Bartkoski's death resulted as the plaintiff contends, the physicians' and hospital bills designated as item (6) supra, were admissible to prove damage. The court below was in error in rejecting the offers designated as (2) to (6) inclusive.

 We agree with the court below that the testimony offered by the plaintiff, under item (1) supra, what Bartkoski said to his wife as to how he was injured, is inadmissible. The accident took place about 1:00 a. m. on July 26. Bartkoski's statements to his wife were made some seven or eight hours later. As was said in Lavender v. Kurn, 327 U.S. 645, 654, 66 S.Ct. 740, 744, 90 L.Ed. 916, "Rulings on the admissibility of evidence must normally be left to the sound discretion of the trial judge in actions under the Federal Employers' Liability Act." Under the circumstances of the instant case we cannot say that the trial court abused its discretion in rejecting this offer. See Wigmore on Evidence, Volume VI, 3d Ed., § 1746.

Since a new trial will be ordered the question raised by the affidavits of the

---

[1] The court charged the jury in this regard as follows: "You are not to consider this case from any standpoint as to injuries which resulted to this deceased except as to the broken nose. You will award damages to him for that amount. * * * *"

[2] No. 54, October Term, 1948, decided January 3, 1949.

plaintiff and her counsel respecting the report made by Bartkoski to the defendant at the close of his day's run, need not be passed on in this opinion. No other questions raised by the parties require discussion.

The judgment of the court below will be reversed and the cause remanded for a new trial.