AUTO TRANSPORTS, INC., a corporation, and Transport Insurance Company, a corporation, Appellants,

v.

Florence Evelyn HINMAN, Personally and for the Benefit of minor child, Cynthia Hinman, daughter of Orville Harold Hinman, deceased, Appellee.

No. 7416.

United States Court of Appeals
Tenth Circuit.

June 9, 1964.

Thomas A. Sweeny, Kansas City, Mo. (Robert P. Anderson, Overland Park, Kan., and S. David Trusty, of Popham, Thompson, Popham, Trusty & Conway, Kansas City, Mo., on brief), for appellants.

John J. Alder, of Alder & Morrison, Kansas City, Mo. (H. S. Roberts, Kansas City, Kan., on brief), for appellee.

Before MURRAH, Chief Judge, and PICKETT and LEWIS, Circuit Judges.

MURRAH, Chief Judge.

This is an appeal from a judgment for the appellee-widow in a diversity action for the wrongful death of her husband, resulting from a collision between a bus driven by the deceased and appellants' tractor-trailer on a Kansas bridge. The primary contention is that the trial Court erroneously refused to direct a verdict for appellants, on the ground that the decedent was, as a matter of law, contributorily negligent.

Under applicable federal law, the trial Court is authorized to direct a

verdict only where the evidence is without dispute, or if conflicting, is of such nature as to warrant but one conclusion as a matter of law. See: Central Surety & Ins. Corporation v. Murphy (10 CA), 103 F.2d 117; National Mut. Casualty Co. of Tulsa, Okl. v. Eisenhower (10 CA), 116 F.2d 891; and Kansas Transport Company v. Browning (10 CA), 219 F.2d 890. A corollary to that rule is the equally well settled Kansas substantive rule that "the existence of contributory negligence is a question of fact for the jury's consideration unless reasonable minds could reach but a single conclusion from the established facts with all reasonable inferences favoring the plaintiff." Young v. Vincent (10 CA), 310 F.2d 709, 711.

■■ It would serve no purpose to delineate the evidence of contributory negligence here. Suffice it to say that it is sufficiently conflicting to require its submission to the jury, and our judicial inquiry ends there. Indeed, appellants concede as much and attempt to negate the probative value of their own driver's testimony as being contrary to the physical facts. But, the litigants are bound by their own evidence and the inferences to be drawn therefrom. See: Kansas Transport Company v. Browning (10 CA), supra. Appellants' contention in support of a directed verdict is merely a re-assertion of their argument to the trial Court and the defense presented to the jury. The remaining question is whether the trial Court's challenged instructions properly submitted the factual issues to the jury, as a matter of law.

■ The trial Court carefully advised the jury regarding the law of negligence, standards of care, and proximate cause. He then instructed as to "rules of the road" governing the operation of vehicles upon Kansas highways, and specifically that "[v]ehicles shall be driven upon the right side of the highway except when overtaking and passing another vehicle proceeding in the same direction." Appellants suggest that the duty articulated by this instruction is codified by statute; and, that in view of the admitted skid-

ding of their trailer to the left side of the road, the trial Court's refusal to include the conditional statutory words, "upon all highways of sufficient width," prejudicially enlarged the scope of their driver's duty and thus convicted him of negligence, as a matter of law. See: Kansas Gen.Stat. (1961), § 8–537.

Obviously, the statutory rule of the road which imposes a duty to drive upon the right side of the roadway is applicable only "upon all highways of sufficient width," and if the useable roadway upon the bridge was not of sufficient width to allow the vehicles to pass safely, there was no duty to drive on the "right side." The evidence concerning whether the useable roadway upon the bridge was of sufficient width to accommodate the two vehicles was conflicting. Apropos this factual situation and in recognition of the applicable rule of the road, the jury was told that "where two drivers approaching from opposite directions meet at a bridge so narrow as to make it impossible or dangerous for both to pass at the same time, the one who first reaches the bridge or would normally so reach it, if both continued at proper speeds, has the right of way, and it is the duty of the other driver to slacken speed or, if necessary, to refrain from entering the bridge until the first vehicle has safely cleared it. It is incumbent upon both drivers, however, to use due care under the circumstances to avoid a collision and this rule would not justify either driver in accelerating his speed for the purpose of obtaining the right of way over the other." We think these instructions correctly stated the law applicable to the facts, under which the jury was left to decide whether the bridge was of sufficient width and if not, who was first to acquire the right of way upon it.

■ Corollary to these instructions, the jury was also told, regarding the issue of contributory negligence, that the burden was upon appellants to establish "by a preponderance of the evidence that at the time the bus entered upon the bridge, one, the usable roadway had been so narrowed by the ac-

cumulation of snow, that an ordinarily prudent person should have known that two vehicles could not safely pass. And, two, that the tractor-trailer had either entered first upon the bridge or was approaching the bridge so closely and at such speed that it would arrive at the south end of the bridge before the bus reached the north end." The Court went on to further define and delineate, with unmistakable clarity, the issues to be determined by the jury, as a condition to their verdict, either for the plaintiff-appellee or the defendant-appellant. The jury resolved the issue in favor of the appellee, and the verdict is supported by the evidence.

This accident was caused by the negligence of one or both of the parties, and there is no factual ground for appellants' requested instruction on "unavoidable accident." See: Paph v. Tri-State Hotel Co., 188 Kan. 76, 360 P.2d 1055.

The judgment is affirmed.