**Beulah R. STEWART, Plaintiff,**

v.

**GAS SERVICE COMPANY, Defendant.**

**No. KC–2267.**

United States District Court
D. Kansas.

April 7, 1966.

Joseph P. Jenkins, of Cohen, Schnider, Shamberg & Jenkins and Emil C. Anderson, of Anderson & Anderson, Kansas City, Kan., for plaintiff.

Nona E. Snyder, Leonard O. Thomas, of Stanley, Schroeder, Weeks, Thomas & Lysaught, Kansas City, Kan., Douglas Stripp, of Watson, Ess, Marshall & Enggas, and Jerry T. Duggan, Kansas City, Mo., for defendant.

ARTHUR J. STANLEY, Jr., Chief Judge.

In this case, the plaintiff sued to recover for personal injuries sustained when she fell in darkness through an opening in the floor in her own home. The opening was normally covered by a trap door, and she claimed negligence on the part of the defendant's meter reader in leaving the trap door open. A verdict was returned for the plaintiff in the sum of $19,241. The defendant has filed

a motion for judgment notwithstanding the verdict, and in the alternative, for a new trial.

As grounds for the motion for judgment notwithstanding the verdict, the defendant contends: 1) there was no evidence of negligence by the defendant's agent; 2) the plaintiff was guilty of contributory negligence as a matter of law; 3) any negligence of the defendant was not the proximate cause of the plaintiff's injuries; and 4) "under the law the meter reader was the agent of both plaintiff and defendant and plaintiff may not recover from defendant for his negligence, if any."

A motion for judgment notwithstanding the verdict, like a motion for a directed verdict, raises only questions of law. If there is any evidence or any inference reasonably to be drawn from the evidence that will support the verdict, the motion must be denied. Schraeder v. Prudential Ins. Co., 280 F.2d 355 (5th Cir. 1960). Here there was evidence from which the jury could find that the meter reader came into the plaintiff's home and negligently left open the trap door to a basement. The jury could believe that he should have anticipated that leaving the door open could cause the injury. The evidence on the issue of negligence was largely circumstantial, but upon review I believe that it was sufficient to present a jury question as to grounds numbered 1 and 3. Thus, these grounds must fail.

The defendant's fourth ground is the defense that the meter reader was the plaintiff's agent. The defendant hired, directed, paid, and supervised the meter reader. The plaintiff, who lived alone and was employed, had arranged to leave a key with the defendant so that the defendant's meter readers could gain entry to her home. This practice was to the advantage of both the plaintiff and the defendant, which had similar arrangements with many of its customers. There was no showing of any control of the meter reader by the plaintiff. Without a showing of control, the theory of agency cannot be sustained. The cases cited by the defendant leave no doubt but that agency can be implied. However, the factual situations dealt with in those cases are not similar to those presented here. For example, in Kunz v. Lowden, 124 F.2d 911 (10th Cir. 1942), the holding was that a ticket agent in a depot in a Kansas county, selling a railroad company's tickets, accounting to the company for proceeds, and transmitting money received from the sales direct to the company without accounting to anyone else, was that company's "agent" upon whom process against the railroad company could be served, even though the agent's salary was paid by another company. As can be seen, that situation was dissimilar. The other cases cited by defendant do not point to a different conclusion, and I adhere to the decision made at the trial—the meter reader was not the agent of the plaintiff. Ground numbered 4 is not sustained.

The final ground alleged on the motion for judgment is that through her own admissions, and as a matter of law, the plaintiff was guilty of contributory negligence. The relevant testimony of the plaintiff discloses that she left her bathroom, turned out the light, proceeded in darkness through the kitchen and onto the back porch where the trap door was located. She did not stop and look, but continued on her course until she fell through the opening normally covered by the trap door. She testified on cross-examination as follows:

"Q. Were you attempting to exercise any precaution to avoid stumbling or falling over anything?

"A. Apparently not, or I wouldn't have fallen." (Tr. p. 63).

Implicit in defendant's contention is the Kansas rule that admissions are binding on a party. As was held in Ray v. Allen, 159 Kan. 167, 169, 152 P.2d 851, 852 (1944): "'Where the plaintiff * * * testifies to a state of facts which precludes his recovery, the effect cannot be avoided, and he is bound thereby.'" The question presented here is whether the plaintiff's testimony brought her within the rule. In Hiniger v. Judy, 194

Kan. 155, 165, 398 P.2d 305, 314 (1965), the court quoted from an earlier case to the effect that:

> " 'The vigor of the rule heretofore stated in testing the sufficiency of the evidence on demurrer yields to the impact of admissions made by a party in his testimony while a witness in the case, and such admissions, frequently spoken of as informal admissions, are binding and conclusive upon him if uncontradicted or unexplained, whether such admissions are elicited on direct examination or on cross-examination of the party.  *  *  *.' "

In the most recent Kansas case on this point the court noted that " * * * each individual case must be determined on its particular conditions and circumstances." Canfield v. Oberzan, 196 Kan. 107, 113, 410 P.2d 339, 344 (1966).

■ The force of the rule, then, depends upon the particular circumstances in the case. From the plaintiff's testimony, the jury could have believed that she entered the back porch before her eyes had grown accustomed to the darkness, and that she was not able to see that the trap door was open, even though the area was dimly illuminated. True, there is still her statement in answer to the question as to whether she exercised care. Her answer was: "Apparently not, or I wouldn't have fallen." Is this really an admission? It seems more likely that the answer is merely a conclusion restating the obvious, saying, in effect: "I must not have tried to avoid the hole because if I had, I surely would not have fallen in it." This interpretation of her answer is indicated by her use of the word "apparently."

Even assuming that the statement should be accepted as an admission that the plaintiff failed to exercise precaution to avoid stumbling or falling, the question remains whether she had a duty to do so, and whether her failure would constitute contributory negligence as a matter of law.

At this point, two Kansas cases should be noted. Donaldson v. Kemper, 149 Kan. 330, 87 P.2d 535 (1939) involved an action for injuries sustained when plaintiff stumbled and fell into a shallow pit in the darkened furnace room of an apartment house. The question was whether plaintiff was guilty of contributory negligence as a matter of law. The plaintiff's testimony showed that she was following the landlady into the darkened furnace room, and could not see where she was going. During the course of her cross-examination, she testified:

> " 'Q. Didn't you take any precautions by feeling with your foot to see if that floor was up, or down, or level? A. I walked right in. I saw Mrs. Kemper walk in, and I did too.' " (p. 332, 87 P.2d p. 536).

The court held that whether she exercised reasonable care in walking into the darkened furnace room, and whether she should have taken more precautions, were questions for the jury on the issue of contributory negligence.

■ Campbell v. Weathers, 153 Kan. 316, 111 P.2d 72 (1941), involved a restaurant patron who was walking through a dark hallway to a rest room. There was a box in the hallway, and behind the box a trap door had been left open. The plaintiff stepped over the box and fell down a hole masked by it. One of the issues was whether he was guilty of contributory negligence as a matter of law. In holding that the issue of contributory negligence was a jury question under these circumstances, the court stated:

> " * * * Touching the subject of darkness it must be remembered appellant in the instant case, did not embark upon an uncharted course. He had used this same hallway on numerous occasions. It was the only direct route to the toilet from the front of lessee's place of business. There is no evidence it had ever before been in other than good condition. Appellant had a right to assume the restaurant operator had performed his statutory duty in maintaining a reasonably safe hallway to the toilet. Appellant was not obliged to anticipate lessee had unlawfully left an open hole in an unlighted

and narrow passageway." (p. 325, 111 P.2d p. 78).

The Tenth Circuit has stated the Kansas rule to be:

" '* * * (T)he existence of contributory negligence is a question of fact for the jury's consideration unless reasonable minds could reach but a single conclusion from the established facts with all reasonable inferences favoring the plaintiff.' " Auto Transports, Inc. v. Hinman, 332 F.2d 553, 554 (10th Cir. 1964).

The established facts in the instant case are that the plaintiff lived alone. She went into the darkened room, expecting it to be as she had left it in the morning. She had walked across the room in darkness many time before, and had never stumbled on anything. Under these circumstances, I do not believe that the Kansas Supreme Court would impose on her the duty of anticipating that someone might negligently have left the trap door open. Even if her testimony is accepted as showing that she took no precautions to avoid stumbling over anything, it cannot be said as a matter of law that she had a duty to take such precautions under these circumstances. It was for the jury to determine whether the plaintiff acted reasonably in acting as she did. I adhere to my ruling at the trial that plaintiff was not guilty of contributory negligence as a matter of law.

The motion for judgment notwithstanding the verdict, then, must be denied.

■ In considering the motion for a new trial I must view the evidence and the inferences reasonably to be drawn therefrom in the light most favorable to the plaintiff.

Most of the grounds for the motion for a new trial relate to matters discussed above. I am satisfied that insofar as those grounds are concerned, the defendant received a fair trial on the merits of the case and that the evidence, when viewed favorably to the plaintiff, supports the findings inherent in the verdict. The motion will be denied as to those grounds.

As further grounds for a new trial, the defendant alleges: 1) the court erred in excluding hospital records pertaining to plaintiff; 2) a juror was guilty of misconduct; and 3) the verdict was excessive and appears to have been given under the influence of passion and prejudice.

■ The defendant at the trial offered hospital records, which included a variety of opinions and conclusions by the nurses in attendance. It is true that in a proper case hospital records may be introduced. See Bartkoski v. Pittsburgh & Lake Erie R. Co., 172 F.2d 1007 (3d Cir. 1949). It is also true that where opinions are interspersed, and the authors of the opinions and conclusions are not available for cross-examination, the hospital records should not be admitted. See England v. United States, 174 F.2d 466 (5th Cir. 1949). The records in the instant case contained conclusions drawn by persons not competent to form the opinions. Under these circumstances, the hospital records lacked probative value, and should not have been (and were not) admitted.

■ The defendant complains that Juror Lindsay failed to fully and truthfully answer questions on voir dire examination, thereby prejudicing the defendant. At the hearing on the motion for a new trial, there was testimony that in April, 1964, Mr. Lindsay and his wife received $570 in settlement of a claim following a car collision, and that $165 of that sum was for personal injuries. There was no medical report, but the juror had told a claims adjuster that he had suffered a sore neck. On voir dire, conducted by the attorneys, the veniremen had been questioned with respect to personal injuries they themselves had sustained. Juror Lindsay did not then reveal the circumstances related at the post-trial hearing.

While I am convinced Mr. Lindsay did not intentionally conceal his own experience, I must consider the effect of his failure to disclose in the light of the rule announced by the court of appeals for this circuit in Photostat Corp. v. Ball, 338 F.

**390**

2d 783 (10th Cir. 1964). In that case it was learned after the trial that four jurors had settled claims arising out of automobile collisions. Here only one. But in *Photostat* the court said that the situations of the four jurors "considered separately or in totality * * * were of such nature and gravity" as to prejudice the defendant's cause.

In *Photostat*, as here, a juror had suffered an injury and settled his claim; had misunderstood the question; and had failed, innocently, to disclose the facts. It is true that in *Photostat* the voir dire examination was conducted primarily by the court, and here by counsel. In *Photostat*, although not indicated in the opinion, counsel for both parties were invited by the court to supplement the examination, and, therefore, had the same opportunity to develop information as did counsel here.

I feel sure in this case, as indeed I felt in *Photostat*, that the jury was impartial and that the trial was fair. Recognizing that a literal reading of *Photostat* might indicate a contrary ruling, I hold here that the "suppressed information is so 'insignificant or trifling' as to indicate only a remote or speculative influence on the juror," and that the right of peremptory challenge was not prejudicially affected. See Photostat v. Ball, supra.

■ Finally, the defendant alleges that the verdict was so excessive as to indicate passion and prejudice on the part of the jury. The verdict was for $19,241. From the medical evidence, the jury could find that Mrs. Stewart spent a long time in the hospital; that she has a permanent knee injury caused by aggravation of a preexistent arthritic condition; and that she still suffers pain and is required to take periodic treatments. Based upon all of these factors, I do not believe that I can say, as a matter of law, that the damages allowed are excessive.

The motions for judgment notwithstanding the verdict and for a new trial are denied. The clerk is directed to enter judgment in plaintiff's favor on the verdict.